## KANTLEBERG v. G. M. STANDIFER CONST. CO.

(District Court, D. Oregon. June 28, 1920.)

### No. A–8597.

1. Admiralty ⬅20—Acceptance by injured employé of payments from state Industrial Accident Commission for time lost held not election of remedies, barring libel in admiralty.

Where payments by Accident Commission to injured caulker did not cover compensation for injury, but for temporary loss for time and wages only, although caulker knew and commission did not that at time of acceptance thereof he was in fact receiving same wages as before accident, acceptance of payments did not amount to election of remedies, and was not bar to libel in admiralty against employer for injuries received.

2. Damages ⬅131(1)—$1,500, for personal injury to caulker, held fair compensation.

Considering nature of injury, pain and suffering on account thereof, effect injury had on earning capacity, loss of time, and other circumstances, $1,500 held fair compensation for injuries to caulker by falling scaffold.

In Admiralty. Libel by R. E. Kantleberg against the G. M. Standifer Construction Company. Decree for libelant.

Le Roy Keeley, of Portland, Or., for libelant.

Wilbur, Spencer, Beckett & Howell, Carey & Kerr, and C. A. Hart, all of Portland, Or., for respondent.

BEAN, District Judge. On October 24, 1919, the libelant, while at work as a caulker in the hold of a vessel belonging to the respondent, was injured by a scaffold or

staging upon which he was working falling upon him. He was removed to the hospital, where he was under treatment for four or five days, when he was discharged, and returned to his work November 4th at the same wages he was receiving prior to his accident. He continued to work until the 20th of the following March. A few days after the accident he received notice from the state Industrial Accident Commission, saying that it had been reported that he had sustained an injury, and requesting, if the accident had made it necessary for him "to lose time and wages," to kindly fill out, sign, and return an inclosed blank, but, if he did not "lose time or wages," not to return the blank, but to write across the face of the letter, "No time lost," and give name of the attending physician. He thereupon filled out and forwarded to the commission the blank as requested, and received from it a check for $20.77 on November 14th, and $56.25 December 22d, which checks he cashed. On February 3, 1920, another check for $68.89 was forwarded to him by the commission, which he returned under date of February 14th, saying that, if it was for lost time and wages, he would accept it, but, if intended for compensation for his injury, he declined to do so, because he was more severely injured than he first thought, and had learned that he was entitled to maintain a proceeding in admiralty to recover damages for his injury, and therefore did not wish to accept compensation from the commission. On February 17th the check was returned to him by the commission in a letter saying that it and previous payments were for temporary time lost and not part of any award for permanent partial disability. The libelant accepted and cashed the check, and thereafter declined to make any further report to the commission, or submit to further examination by it, and on March 3, 1920, filed the libel herein.

[1] The respondent denies the negligence charged in the libel, and pleads the acceptance by the libelant of the payment from the Accident Commission as a bar. Notwithstanding the recent decisions of the Supreme Court that the Act of Congress of October 6, 1917 (40 Stat. 395 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 991 (3), 1233]), saving to suitors in admiralty "rights and remedies under the Workmen's Compensation Law of any state," is void, because not within the power of Congress to enact (Knickerbocker Ice v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145, decided May 17, 1920), it is argued that the application for and acceptance by a workman, injured on the navigable waters of the state, of an allowance from the state Industrial Accident Commission, is an election of remedies, and a bar to subsequent proceedings in admiralty to recover damages for his injury. It is difficult to follow the reasoning supporting the contention that an application for and the acceptance of the benefits of a law which is void, and which is not binding upon either employer or employé, can in any way affect the rights of the latter to maintain an appropriate proceeding against the party liable for his injury, to recover indemnity therefor.

But it is not necessary to determine the question in this case, for it clearly appears that the payments by the Accident Commission to the libelant were not intended by it to cover compensation for his injury, but for the temporary loss of time and wages only, and, although the libelant knew and the commission did not, at the time the payments were made and accepted, that during the majority of the time covered thereby he was in fact at work, receiving the same wages as before the accident, the acceptance of such payments does not, in my judgment, amount to an election of remedies, and is not a bar to this action. Riegel v. Higgins (D. C.) 241 F. 718. I am satisfied from the evidence that the libelant's injury was due to the fact that the staging which fell upon him was not properly constructed and supported. It was not safely secured, and the rope by which it was supported was insufficient for the purpose for which it was used.

[2] The only question which has given me any difficulty is the nature and character of the libelant's injury, and the consequent damages to which he is entitled. The evidence does not disclose that there was any serious physical injury apparent. He was no doubt considerably bruised, and unconscious for a time, but soon recovered consciousness. He remained in the hospital under treatment for only 4 or 5 days, and returned to his work in about 10 days. He continued to work until after he commenced these proceedings at the same wages as before his accident, and, as the records of the respondent show, at the same class of work. He says, however, that while he was carried on the pay rolls as a caulker, and received wages as such, he was in fact physically unable to do that work and did not do it. It is claimed that he now has some tubercular trouble, which was either caused or aggravated by the accident; but the evidence in reference thereto is, in my judgment, too speculative

and uncertain to form a reliable basis for an estimate of damages.

Considering the nature and character of the injury, the pain and suffering of the libelant on account thereof, the effect the injury has upon his earning capacity, his loss of time, and all the circumstances surrounding the case, my conclusion is that $1,500 is a fair compensation.

Decree may be prepared accordingly.