## HOLMES v. HENRY JENNING & SONS.

(District Court, D. Oregon.   March 19, 1921.)

1. **Master and servant ⬦389—Cause of action of employee electing under Oregon Workmen's Compensation Act inures to state.**

Workmen's Compensation Act Or. § 12, requires an employee to elect whether to take under the act or to seek remedy against party responsible for his injury, and such election must be made in advance of any suit, and when he does elect to take under the act his cause of action inures to the state, and the state alone can sue for benefit of accident fund.

2. **Master and servant ⬦354—Oregon Compensation Act intends accident fund shall be bound primarily to contribute to workman's compensation.**

Workmen's Compensation Act Or. § 12, providing that, if employee elects to seek a remedy against party causing injury, accident fund is not relieved from its obligation to account for compensation, except to extent that employee may have recovered against the third party and actually collected, if less than that to which he is entitled under the act, evidences an intend-

ment that the accident fund shall be bound primarily to contribute, to workman injured while working for a third party, amount of compensation to which he is entitled, to be relieved only to extent of recovery by suit and actual collection.

**3. Election of remedies ⊚⇒7(1)—Any decisive act done by party having two inconsistent remedies determines his "election."**

When a party has two remedies, inconsistent with each other, any decisive act by him, done with the knowledge of his rights and facts, determines his "election."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

**4. Master and servant ⊚⇒358—Workman held to have elected to take under Oregon Compensation Act.**

Injured employee, who, on sustaining an injury while working for a third party, filled out a blank and forwarded same to state Industrial Commission in compliance with Workmen's Compensation Act Or. §§ 23, 27, elected to take under the act, assuming that he was ignorant of his rights at that time, where he subsequently, on advice of counsel, instituted an action against party causing injury, and thereafter received an appropriated amount sent him by commission, and allowed commission to pay his hospital and physician's expenses.

**5. Master and servant ⊚⇒358—Election to take under Workmen's Compensation Act question of law for court.**

Question whether injured employee elected to take under Oregon Workmen's Compensation Act for injury caused by third party was a question of law for the court, and not for jury, where there could be no two opinions concerning which reasonable men may differ.

At Law.    Action by Clifford E. Holmes against Henry Jenning & Sons.    Action dismissed.

Le Roy E. Keeley, of Portland, Or., for plaintiff.

·Wilbur, Beckett, Howell & Oppenheimer, of Portland, Or., for defendant.

WOLVERTON, District Judge.    The trial of this case had proceeded to the completion of the introduction of testimony on both sides, and each of the parties had rested. Thereupon the defendant moved for a nonsuit against the plaintiff, and for a dismissal of the cause of action.    The defendant relies for dismissal on two grounds, among others: First, that it appears from the testimony that plaintiff is not a citizen of the state of Washington, but of the state of Oregon, and therefore that this court is without jurisdiction to proceed further with the hearing of the case; second, that it appears from the testimony that the plaintiff elected to take under the Workmen's Compensation

Act, in advance of any suit instituted by him to recover for the injuries sustained, and that, having made such election, he is no longer entitled to proceed to prosecute such an action.

Now, we will pass over the first ground presented and relied upon, and give our attention at once to the second contention. The plaintiff is an employee of a corporation styled the Expert Window Cleaners, having its office and place of business in the Henry building, in the city of Portland.    Under the pleadings it is an admitted fact that the employer and the employee had, previous to the happening of the accident of which the plaintiff complains, elected to take under and become subject to the provisions of the Workmen's Compensation Act (Or. L. § 6605 et seq.).    One of the defenses relied upon under the answer is in effect that the injury of which plaintiff complains occurred away from the plant of his employer, due to the alleged wrong of another not in the same employ, and that plaintiff elected to take under the act in advance of any suit instituted by him for recovery, and on that account he is not entitled to maintain this action.

The plaintiff by his reply denies such alleged election, and in effect alleges that whatever he did, from which it might be inferred he made such an election, was done without knowledge of and in ignorance of his rights in the premises, and that as soon as he was advised of such rights he instituted suit to recover for his injuries, which, it is alleged, was an election on his part to seek a remedy against the party responsible for the injury. There is no allegation of any fraud or deceit upon the part of any one, whereby he was misled or induced to make an election to take under the act.    The plain issue is whether what he did was done without knowledge and in ignorance of his legal rights in the premises.    Before proceeding to a discussion of the evidence advanced bearing upon the subject, we would better get a clear understanding of the law applicable.

Section 12 of the act provides, among other things, "that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman, or if death results from the injury, his widow, children or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any

suit, and if he take under this act the cause of action against such other shall be assigned to the state for the benefit of the accident fund. If the other choice is made the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case. Any such cause of action assigned to the state may be prosecuted or compromised by the department in its discretion. Any compromise by the workman of any suit which would leave a deficiency to be made good out of the accident fund may be made only with the written approval of the department."

[1] The meaning of these provisions seems to be clear. A duty is devolved upon the employee to make an election whether to take under the act, or to seek a remedy against the party responsible for his injury, and such election must be made in advance of any suit. If he take under the act, the cause of action shall be assigned to the state for the benefit of the accident fund. I am of the view that, when he does elect to take under the act, the cause of action automatically inures to the state, and that therefore no right of action abides with such employee; that the state alone can sue, and that for the benefit of the accident fund.

[2] If the employee elects to seek a remedy against the party causing the injury, the accident fund is not relieved from its obligation to account for the compensation to which the workman is entitled, except to the extent that he may have recovered against the third party, and actually collected, if it be less than that to which he is entitled under the act. The clause evinces an intendment that the accident fund shall be bound primarily to contribute to the workman, injured while working for a third party, the amount of compensation to which he is entitled, to be relieved only to the extent of recovery by suit and actual collection. If the recovery equals or exceeds the amount to which he is entitled under the act, then it would be relieved in toto. Other clauses of the act provide for the compensation which the injured party is entitled to receive, making certain classifications, and specifying the amounts to be paid, covering certain defined injuries and disabilities. The sums to be allowed are designated as compensation.

By section 27, in order for the workman to obtain this compensation, he is required to make application therefor to the state Industrial Accident Commission on blanks furnished by the commission. Under subdivision (d) he is required to file such application within three months after the date upon which the accident occurred in order to render it valid. Under section 23 the commission has authority to provide under uniform rules and regulations first aid to workmen who are entitled to compensation under the act. It follows that persons not entitled to such compensation are not entitled to the first aid, as it is termed, or any other relief whatsoever from the commission or under the act.

Now, the evidence, so far as it is necessary to advert to it here, shows that plaintiff was injured at the building situated at the northwest corner of Fifth and Washington streets, a place away from the plant of his employer, due to the alleged wrong of another not in the same employ, on the 27th day of February, 1920; that on March 3d the commission, having learned of plaintiff's injury, inclosed with a letter to him a blank, entitled "Workman's Claim for Compensation." The letter reads: "It has been reported to this commission that you sustained injuries by accident February 27, 1920, while in the employ of the Expert Window Cleaners. If this accident made it necessary for you to lose time and wages, kindly fill in, sign, and return the enclosed blank to this office at once. If you did not lose time and wages, do not send us the inclosed blank, but merely write across the face of this letter, 'No time lost,' and give the name of the physician who attended you."

Having received the blank, plaintiff sent for Beckman & Lohse, managers of the concern by which he was employed, and with their aid, more particularly that of Lohse, filled out the blanks and signed the application, and mailed it to the commission at Salem, and it was received there on March 8th. Owing to the injury to plaintiff's wrist, he signed by making his mark. Having received a statement from plaintiff's employer and a certificate from the physician who attended plaintiff, as the rules of the commission require, the commission on March 10th forwarded to plaintiff check for $58.50. Plaintiff received the check in due course and cashed it on March 12. On April 13 the commission forwarded to plaintiff another check for $27, which he received and cashed on the 14th, and on April 23d still another check for $31.50, which was cashed by him on the 24th. Besides these sums paid to plaintiff, the commission paid his

hospital expenses and those of his attending physicians and surgeons. These were paid later than the payment by the first check.

On March 11th plaintiff had recovered sufficiently to permit of his going to the office of his counsel for consultation with him. This resulted in the institution of an action by plaintiff in the state court against the owners of the building and others to recover for his accident, on March 19th, 8 days after the consultation. The question is whether, under this testimony, there was an election on the part of the plaintiff to take under the act.

[3, 4] The rule is settled that, when a party has two remedies inconsistent with each other, any decisive act by him, done with the knowledge of his rights and of the facts, determines his election of this remedy. Robb v. Vos, 155 U. S. 13, 15 S. Ct. 4, 39 L. Ed. 52. The filling out of the blank, or having it done, and forwarding the same to the commission, was in itself a decisive act denoting his election to take under the act; but it is urged that he did not know of his rights at that time, and was ignorant thereof. Granted; subsequently, on the 11th day of March, he sought counsel, and presumably he was then and there advised of all such rights, and advised of the course of action he was then to pursue. Notwithstanding, on the very next day he received from the commission a check and appropriated the amount thereof, namely, $58.50, and thereafter the suit was instituted on March 19th. He continued to receive other checks and appropriate the amounts thereof, which he had no right in good conscience to do after he had elected to sue, and not to take under the act; and further he permitted and allowed the commission to pay his hospital and physician's expenses. These latter acts, it is true, are but evidences of his intention as respects election in the first instance, but they have a potent bearing in that respect. There was no notification of the commission, after plaintiff became fully aware of his rights and before he sued, that he desired to withdraw his claim for compensation, and of his election to seek a remedy against the party by whom he claims he was injured. Good conscience would have prompted that such action be taken, so that the accident fund should not be depleted by the acceptance of funds therefrom to which plaintiff was not entitled, if he elected not to take under the act.

[5] It is important to note that such election is required to be made in advance of any suit; while, if nothing else had been done, and suit was instituted, that alone might be sufficient to evidence an election to seek a remedy against a third party. In the present instance, however, very important action had been taken by plaintiff looking the other way, and that action was practically ratified, after taking the advice of counsel and being fully advised of his rights, as we may assume, that of accepting part compensation before instituting his action. I am impelled to the conclusion that, by his deliberate and decisive acts prior to instituting his action, plaintiff elected to take under the act, and is therefore deprived of his right to maintain the present action. About this it seems to me there can be no two opinions, concerning which reasonable men may differ, so that the question is not one for the jury, but for the court. I come the more readily to this conclusion, knowing that plaintiff will recover his compensation from the commission under the act.

It is urged that plaintiff's state of mind was such that he did not fully realize what he was doing when he made the application for compensation. The contention, however, is not sustained by the evidence, and no mention is made of it in the pleadings, and no issue is presented involving such a controversy. I have but to say, further, that I regard the Workmen's Compensation Act a wholesome and humane piece of legislation, and its letter and spirit should be maintained in all applicable cases.

I have not overlooked the case of Kantleberg v. Standifer Construction Company, 7 F.(2d) 922, decided by Judge Bean. That case, however, is without application here. The question of election of remedies was not involved therein. The only question presented was whether what the libelant did in that case, previous to instituting his action, barred him or estopped him from prosecuting the libel.

The motion will be allowed, and the action dismissed.