THOMAS LANG and Another, Appellants, *v.* BROOKLYN CITY RAIL-
ROAD COMPANY, Defendant, Impleaded with THE BROOKLYN
UNION GAS COMPANY, Respondent.

First Department, July 6, 1926.

**Workmen's compensation — action by carrier to recover from third
person — parties — carrier executed declaration of trust to effect that
it gave back to employee all recovered over amount paid by carrier —
employee is not proper party.**

In an action by a workmen's compensation insurance carrier to recover from a
third person who, it is alleged, is liable for the injuries suffered by the employee,

the employee is not a proper party plaintiff, notwithstanding the carrier executed what is known as a declaration of trust, in which it declared that all money recovered in the action over and above the amount paid by the carrier would be given back to the employee.

A tort claim cannot be assigned except under special statute, and the Workmen's Compensation Law does not authorize the assignee to reassign that part of the money over and above the amount paid by the carrier, and, furthermore, an employee who takes compensation may not sue his employer, and lastly a tort action may not be split and suits predicated on divided parts.

APPEAL by the plaintiffs, Thomas Lang and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1926, granting a motion by the defendant The Brooklyn Union Gas Company to strike from the complaint the name of Thomas Lang as a party plaintiff.

*John F. X. Finn* of counsel [*Joseph Lorenz* with him on the brief; *Lorenz & Lorenz*, attorneys], for the appellants.

*Maximilian Moss* of counsel [*Timothy J. Shea* with him on the brief; *Cullen & Dykman*, attorneys], for the respondent.

McAVOY, J. The learned court at Special Term granted a motion to strike out the name of Thomas Lang as a party plaintiff.

The complaint sets out that Thomas Lang was an employee of the James Sugden Company and while engaged in repairing an electric cable in a manhole for the defendant Brooklyn City Railroad Company, he was overcome by gas and injured. His employer, the James Sugden Company, was insured against claims arising under the Workmen's Compensation Law for injuries to the plaintiff and his co-employees by The Employers' Liability Assurance Corporation, Ltd., of London.

Thomas Lang, the employee, elected to take compensation under the Workmen's Compensation Law, and awards were made by the Workmen's Compensation Bureau of the State Industrial Board in his favor against the insurance carrier. These awards were paid by the liability corporation. The company thereby by reason of an assignment of the cause of action to it which Thomas Lang had against the third party, and also by operation of the Workmen's Compensation Law (§ 29), which provides for the subrogation of the insurance carrier to the rights of an employee injured by a third party where the employee takes compensation, declares that Lang is a proper party plaintiff to the action which it has brought, by reason of the assignment, against the third party which caused the injury.

The defendant The Brooklyn Union Gas Company asserts that

plaintiff is neither a necessary nor a proper party since the entire cause of action referred to in the complaint is vested by law and by the assignment in the plaintiff The Employers' Liability Assurance Corporation, Ltd., of London, England. It seems that after the payment of the award by the plaintiff The Employers' Liability Assurance Corporation, Ltd., of London, which amounted to $2,900, the assurance company executed a declaration of trust which stated that even though all of Lang's cause of action against the third party was vested in the insurance company, nevertheless the company was willing to and did give back to Lang (or hold in trust for him) such surplus of his cause of action as would be awarded in the action against the third party in excess of the $2,900 which the insurance company had paid out to him. The effect of this assignment would be, if it can be enforced, that Lang would receive from the assurance company all of the moneys which it can recover against the third party for injuring Lang beyond the moneys which they have paid to him in settlement of his compensation claim.

The plaintiff The Employers' Liability Assurance Corporation, Ltd., of London, admits that an insurer upon payment of compensation to an injured workman, becomes an assignee of the workmen's entire cause of action, but it asserts that the insurer may, in effect, assign back to the workman a portion of the cause of action, and that it may do this by executing a declaration of trust. It is true that the insurance company is not limited as the subrogee of the injured man's action to the amount that is paid him, and that it may recover in full for the entire damage caused by the third party's negligence. It recovers in the right of its assignor and to the extent that the assignor might himself recover, and thus may be the owner if there is a recovery larger than its payment to the injured person of that which it purports to assign.

There are three objections, however, urged to the reassignment or the declaration of trust of the surplus over and above what an insurer pays to an injured person as a carrier of the workmen's compensation insurance. One is that it being essentially a tort claim, it cannot be assigned, except by special permit of statute. This permission is granted in respect of the employee's right to assign his claim against a third party, but the statute does not further give any right of the subrogee or insurance carrier to reassign to the injured person any part of its recovery over and above what it had to pay as compensation. He has his election to sue or take the compensation benefits and this transaction of reassignment nullifies the apparent scheme of the statute. *Secondly,* it is the rule that an employee who takes compensation may not

sue his employer. This is a matter of statute law. *Thirdly,* it has been firmly established that the principal in a tort action may not split the cause and predicate suits upon the divided parts.

We think that all these rules of the law of torts are valid objections to permitting, in the absence of the authority of statute, the joinder as a party plaintiff of the injured person in a suit brought by the insurance carrier against a third party for its payments to the employee. We do not now pass upon what rights the employee will have under this declaration of trust in case the insurance company recovers a surplus over its compensation payment. Even considered as a beneficiary of course he is not a necessary party to this cause since The Employers' Liability Assurance Corporation, Ltd., of London, is essentially a trustee of an express trust and may sue in his behalf without joining him, although he is the person for whose benefit in part the action is prosecuted. Section 210 of the Civil Practice Act provides that a trustee of an express trust may sue in his own name, although others than he may have an ultimate benefit in the recovery. The trustee is legally the real party in interest, although others may have a claim upon him for a portion of the judgment to be recovered. There being no right which Lang may protect in this cause of action, we think that the order should be affirmed.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.