Michael Roecklein, Respondent, *v.* American Sugar Refining Company, Inc., Appellant.

Second Department, January 19, 1928.

**Parties — joinder of parties plaintiff — action against third party to recover damages for injuries suffered — defense that plaintiff elected to take compensation and that award had been made — plaintiff seeks to bring in insurance carrier as party plaintiff — if plaintiff is barred by Workmen's Compensation Law then carrier has right of recovery under section 29 thereof — carrier may be brought in under Civil Practice Act, § 209.**

The plaintiff who was injured in the course of his employment has brought this action against a third party to recover damages.   The defendant pleaded that

the plaintiff elected to take compensation and that an award has been made. Plaintiff's theory is that no binding award was made and that any action taken by the State Industrial Board has been rescinded.

The plaintiff's application to bring in the insurance carrier as a party plaintiff, the carrier having consented in writing, was properly granted under section 209 of the Civil Practice Act.

If the plaintiff cannot recover then the insurance carrier has the right to recover under section 29 of the Workmen's Compensation Law and in either case the same or a " common question of law or fact " arises because the same negligence must be established in either case. Moreover, the *right to relief* arises out of the same transaction.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Queens on the 14th day of October, 1927.

*Laurence C. Stryker,* for the appellant.

*Ralph Stout* [*Harry S. Austin* with him on the brief], for the respondent.

KAPPER, J. Plaintiff, an employee of a concern called George J. Hoffman Company, claims to have been injured on August 3, 1925, through the negligence of the defendant in the course of plaintiff's employment.

The defendant's answer sets up as a separate and complete defense that plaintiff " duly elected to take compensation under the provisions of said Workmen's Compensation Law of the State of New York," and that an award was made to him by the State Industrial Board for his disability arising out of the injuries complained of, the conclusion then being stated by the pleader that plaintiff is, therefore, " barred under the law of the State of New York from any remedy against the defendant herein." Plaintiff thereupon sought to join as a coplaintiff the Travelers Insurance Company, who was the insurance carrier and by whom any award of compensation by the State Industrial Board would have to be paid. To this joinder the Travelers Insurance Company has given its written consent. The Special Term granted plaintiff's motion, and from the order the defendant appeals.

The theory of the joinder is that no award of compensation by the State Industrial Board, to which proceedings plaintiff was in any wise a voluntary or willing party, was made, and that any action taken by the State Industrial Board with regard to such an award was duly rescinded. The facts are fully set forth in the proposed supplemental complaint, leave to serve which was granted by the order.

If the so-called award has actually been paid, the plaintiff has no cause of action against the defendant. (*Schubert* v. *Finkelstein,*

244 N. Y. 583.)    In such case the proposed coplaintiff, the insurance carrier, would be the sole person who could maintain an action against the defendant because of plaintiff's injuries through defendant's negligence, and this is because of the right of subrogation provided for by section 29 of the Workmen's Compensation Law, the entire cause of action being by force of the statute vested in the insurance carrier.    (*O'Brien* v. *Lodi*, 246 N. Y. 46; *Lang* v. *Brooklyn City R. R. Co.*, 217 App. Div. 501.)    Not only is plaintiff's cause of action thus assigned by the statute, but there is carried with such assignment the entire compensation, by way of damages, to which the injured person, the plaintiff here, would otherwise have been entitled.    (*Travelers Insurance Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.)

Section 209 of the Civil Practice Act provides that "All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise."

As the record now stands, we assume that a question of fact is presented as to whether or not the plaintiff " elected " to receive compensation and was awarded and paid the same.    It is obvious that if the defendant sustains its defense of election, award and payment, the right of action for damages for plaintiff's personal injuries is then in the ownership of the insurance carrier perforce the statute.    The converse logically follows in the event of such disputed fact being determined in plaintiff's favor.    In either case, the same or " common question of law or fact " arises, because the same negligence must be established by the insurance carrier as would be required of plaintiff if he were someone other than an employee whose employer is entitled to the benefits of the Workmen's Compensation Law.    It is the " cause of action " that is vested by the statute in the assignee, the insurance carrier.    (*Travelers Insurance Co.* v. *Brass Goods Mfg. Co., supra*, 278.)    Moreover, the right to relief in either the plaintiff or the proposed coplaintiff is such as is clearly founded upon the " same transaction or series of transactions " as defined by section 209 (*supra*).    The matters at issue arising from the allegations in the supplemental complaint, and which we may further assume will be met by the defendant's answer reiterating its above stated separate defense, " so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties."    (*Akely* v. *Kinnicutt*, 238 N. Y. 466, 472.)    Hence, I am of the opinion that the order made by

the learned Special Term was correctly made, and that it should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, HAGARTY and SEEGER, JJ., concur.

Order granting plaintiff's motion to join the Travelers Insurance Company as a party plaintiff affirmed, with ten dollars costs and disbursements.