186 So. 771

### HARRIS v. LOUISVILLE & N. R. CO.

6 Div. 405.

Supreme Court of Alabama.
Feb. 23, 1939.

Coleman, Spain, Stewart & Davies, H. H. Grooms, and Coleman, Parsons & Abele, all of Birmingham, for appellant.

Chas. H. Eyster, of Decatur, and Gibson & Gibson, of Birmingham, for appellee.

**THOMAS, Justice.**

Plaintiff-appellant brought suit for damages for personal injury. The action was based on the alleged negligence of defendant in propelling cars into a train of cars upon which plaintiff was at the time and place engaged in working in the duties of his employment.

Demurrers being overruled to the complaint, defendant filed pleas of the general issue and special pleas to the effect that all parties were, at the time, subject to the Workmen's Compensation Act, Code 1923, § 7534 et seq., and that plaintiff elected, claimed and received and was receiving compensation for the injury, and payment of his hospital and doctor's bills, under said Act, from the Standard Accident Insurance Company of Detroit, Michigan, the insurance carrier of his employer, and that under the provisions of the Workmen's Compensation Act, plaintiff was without the right to bring the suit, in his name as an individual against the third party, which he seeks to maintain.

Plaintiff's demurrers, in the first instance, to defendant's pleas were sustained, whereupon it was agreed that counsel for defendant should interpose the defenses of contributory negligence, applicability of the Workmen's Compensation Act, and limitation of damages under said Act in short by consent, without the waiver of any rights as to pleas previously filed to which demurrers had been sustained. In reply thereto, replications were likewise in short by consent. The verdict and judgment were for the plaintiff.

Defendant's motion for a new trial was granted upon the general ground that plaintiff, as an individual, could not recover, which point was specifically urged in grounds 8 to 16, inclusive, and in grounds 18 and 19. These grounds assigned the sustaining of demurrers to defendant's pleas 2 to 10, inclusive, and the refusal of the general affirmative charge in writing, duly requested by defendant. Motion on all other grounds was overruled. The plaintiff appeals from this ruling on the motion for a new trial.

Appellant while employed by Kershaw Slag Company, a corporation subject to the Workmen's Compensation Act, on the 26th of February, 1936, was engaged in operating an engine removing empty cars from a spur track in the East Thomas yards of the Republic Steel Corporation. While he was standing on the ground near the engine, a locomotive of the appellee, which was being employed in a local movement of car or cars, collided with the empty cars upon which appellant was engaged, and caused his injury. Appellee was at this time under the Workmen's Compensation Act. Appellant was placed in the hospital, and after he had been so domiciled and treated, received compensation at the rate of eight dollars and ninety-one cents per week, payable twice a month in the form of drafts. Appellant received many of these drafts which he endorsed, cashed and retained the money evidenced thereby. On two occasions when drafts were late, appellant Harris wrote to Mr. Wilkey, the adjuster for the instant insurance company, requesting his "compensation" be sent to him; and upon some occasions appellant came to Wilkey's office to get his said payments. The drafts showed on the faces thereof that they represented payments of compensation due under the Workmen's Compensation Act.

Wilkey, the agent of the insurance carrier, testified that he arrived at an agreement with appellant as to the extent of the latter's disability, advised him of the basis upon which he was to receive compensation and the duration of payments, in accord-

ance with the Act. This agreement was denied by appellant.

The amounts payable were based upon a fifty per cent permanent disability, eighty-seven and one-half weeks at $8.91 per week, a total of $779.63, and in addition Wilkey paid a total of $650 in doctors' bills, which was $450 in excess of the statutory liability. Appellant claimed to have received only $766.26 in weekly payments. It was undisputed that all payments were made by Wilkey, acting for the insurance carrier, and nothing was paid by the employer Kershaw Slag Company.

■ The question for decision, presented by the assignments of error, is that the trial court erred in granting appellee's (Louisville & Nashville Railroad Company) motion for a new trial, to which action of the court appellant (Rufus E. Harris) reserved an exception. The answer to this question presents a statutory construction, subject to several well established rules. In arriving at the legislative intent in enacting Section 7586 et seq., of the Code, every part of the statute, as disclosed by its context and spirit, will be given consideration. Shaw v. Kinney, 227 Ala. 170, 149 So. 227; Southern Industrial Institute v. Lee, 234 Ala. 404, 175 So. 365; State ex rel. Ellis v. Griggs, 227 Ala. 681, 151 So. 850; City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159.

■ It is further established that where a party has two remedies that are inconsistent, any act done by him with a knowledge of his respective rights and remedies and the facts entering therein, and such facts determine his election of remedy, he is bound by the material action he takes in the matter. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944. That is to say, the positions taken in court and the acts of election taken with a knowledge of the result is binding upon parties, and upon privies in estate and by blood. Every case must stand upon and be governed by its facts. There is no iron clad rule. Bromberg v. First National Bank of Mobile, 235 Ala. 226, 178 So. 48; Fidelity & Deposit Co. of Md. v. Art Metal Const. Co., 162 Ala. 323, 50 So. 186.

■ Before consideration of the terms of the Act (§ 7586 et seq., of the Code), it will be further noted, that this court has declared of such statutes, that within the field of operation of the Workmen's Compensation Act, § 7534 et seq., Code, is the criterion of the rights and liabilities of all parties affected thereby and within the terms of that statute. Such was its purpose and scope, embracing as it does the employer, employee, dependents, insurance carriers and third persons liable for injuries or deaths, falling within and compensable thereunder. Sloss-Sheffield Steel & Iron Co. v. Greek, 211 Ala. 95, 99 So. 791; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787; State ex rel. Duluth Diamond Drilling Co. v. District Court of St. Louis County, 129 Minn. 423, 152 N.W. 838.

In Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, 534, is the observation that:

"It is not a matter of doubt, that the Workmen's Compensation Act, in general, was intended as in the nature of a substitute, between master and servant who elect to come within its provisions, for actions of tort—for personal injuries at common law—and under the state Employer's Liability Act, or other statute giving the employee a right of action. Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879,

"However, in the light of the provisions of section 13, of the Constitution of 1901, 'That all courts shall be open; that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law' it cannot be said that for an injury done a person, not within the provisions of the Workmen's Compensation Act, that it was the legislative intent by the enactment of said law, to deny such person a remedy, if under the common law or the Employer's Liability Act, or other statute he was entitled to maintain an action therefor."

■ That is, the common law right of action of an employee or his heirs against his employer is abolished by the statutory right in the employee or certain of his dependents substituted in the respects indicated by the statute [Chap. 287, § 7534 et seq., Code, and in particular §§ 7586, 7587, Code] in all cases in which the employee elects to proceed under the Workmen's Compensation Act.

Section 7586 of the Code is as follows: "Where an injury or death, for which compensation is payable under article 2 of this chapter, is caused under circumstances also creating a legal liability for damages on the part of any party other than the em-

ployer, such party being also subject to the provisions of article 2 of this chapter, the employe in case of injury, or his dependents in case of death, may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under article 2 of this chapter, but not against both. If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer or his insurance carrier, the amount thereof, manner in which and the person to whom the same are payable, shall be as provided for in article 2 of this chapter and not otherwise; but in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injuries or death. If the employe or his dependents shall elect to receive compensation from the employer, then the latter or his insurance carrier shall be subrogated to the right of the employe or his dependents, to recover against such other party, and may bring legal proceedings against such party and recover the aggregate amount of compensation payable by him to such employe or his dependents hereunder, together with the costs of such action and reasonable attorney's fees expended by him therein."

What then is the binding election or procedure under the statute that is here applicable?

█ Under at least one decision by this court, and many from other jurisdictions, compliance with the requirements of the Workmen's Compensation Act, and seeking by reception and retention of the benefits prescribed in the Act from the employer, or of his insurance carrier, is such a proceeding against the employer as to constitute a binding election under the Act. In National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734, 736, this Court said: "If the facts be such that he may repudiate the agreement or partial settlement, he should restore the status quo by a return of the installment payments, made and received by him under the terms of the Compensation Act. And, if such right of revocation exists, it is immaterial that such moneys were paid to the injured employé by the 'insurance carrier.' If such payments are made 'in advance of agreement or award,' such payments by the employer or insurance carrier are required by the statute to be 'treated as advance payments on account of the compensation due.' Section 7550, Code. It would be an unreasonable construction of the statute to say that, where there was an agreement to make acceptance of payments as compensation, subject to the provisions of the act (section 7544, Code), it was not a surrender of other rights or the exclusion of other remedies (section 7546), and that a settlement between the parties and payment by the employer or insurance carrier are made (section 7550, Code), such payment will be treated as advance payments on account of the compensation due. The acceptance of such compensation, under the undisputed facts, is in the nature of agreement or election operating as estoppel defeating this suit."

This announcement by our court is in line with the general authorities on the question here pertinent to which we will advert with some detail.

In Crowell v. Benson, 285 U.S. 22, 52 S. Ct. 285, 291, 76 L.Ed. 598, the Compensation Act was adverted to and the observation is made that its object was to secure within the prescribed limit of the employer's liability an immediate investigation and a sound practical judgment, and the efficiency of the plan depends upon the finality of the determination of fact with respect to the circumstances, matters and extent of the consequence of the employee's injury and the amount of compensation that should be awarded. Finality may also be regarded as extending to the determination of the question of fact whether injury was occasioned solely by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another, that "the use of administrative method for these purposes, assuming due notice, proper opportunity to be heard, and that findings are based upon evidence, falls easily within the principle of the decisions sustaining similar procedure against objections under the due process clauses of the Fifth and Fourteenth Amendments [U.S.C.A.Const.]." In this case the proceeding was before a deputy commissioner upon a particular claim. The observation is made that the fact that the deputy commissioner is not bound by the rule of evidence which would be applicable to trials in courts or by technical rules of procedure does not invalidate the proceeding, provided substantial rights of the parties are not infringed.

In Roecklein v. American Sugar Refining Co., Inc., 222 App.Div. 540, 226 N.Y.S. 375, 376, it is observed: "If the so-called award has actually been paid, the plaintiff has no cause of action against the defendant. Schubert v. Finkelstein, 244 N.Y. 583, 155 N.E. 906. In such case, the proposed coplaintiff, the insurance carrier, would be the sole person who could maintain an action against the defendant because of plaintiff's injuries through defendant's negligence, and this is because the right of subrogation provided for by section 29. of the Workmen's Compensation Law; the entire cause of action being by force of the statute vested in the insurance carrier. O'Brien v. Lodi, 246 N.Y. 46, 157 N.E. 925; Lang v. Brooklyn City R. Co., 217 App.Div. 501, 217 N.Y.S. 277. Not only is plaintiff's cause of action thus assigned by the statute, but there is carried with such assignment the entire compensation, by way of damages, to which the injured person, the plaintiff here, would otherwise have been entitled. Travelers' Insurance Co. v. Brass Goods Mfg. Co., 239 N.Y. 273, 146 N.E. 377, 37 A.L.R. 826."

In Tandsetter v. Oscarson, 56 N.D. 392, 217 N.W. 660, 661, the holding was that the Compensation Act takes from the employer and the employe all responsibility, and places absolute control in the Compensation Bureau; when final compensation is awarded, under the Act, the employe cannot thereafter sue a third party for damages, as his right to sue is subrogated to the compensation fund. Mr. Justice Burke says: "It seems clear that it is the intent of the law to provide state insurance for industrial accidents, insuring sure and certain relief to the injured workman, taking from the employer and employee who comes under the act all responsibility, and placing absolute control in the Workmen's Compensation Bureau. The injured workman under the law can either apply to the board for compensation or he may sue a third party who does not come under the act, but if he applies for and receives an award of compensation, all of his rights against the third party are by operation of law conveyed to the workmen's compensation fund, and it then becomes the duty of the Workmen's Compensation Bureau to thoroughly investigate the cause of injury, and if it finds that the injury was caused by some third party who does not come under the act, then the Workmen's Compensation Bureau, is authorized to bring an action against said third party for two reasons, first, to reimburse the compensation fund for the amount of award and, second, for the benefit of the injured workman, if a recovery is had for more than the amount awarded."

In Ford v. Keuhne, 242 Mich. 428, 219 N.W. 680, the question presented was whether the plaintiff having accepted a pension provided for in the charter and ordinance of the city had not waived the benefit of the provisions of the Workmen's Compensation Act. It was held that the words "pension" as used in the city ordinance and "compensation" as provided for by the Workmen's Compensation Act are not synonymous words.

In King v. Union Oil Co. of California, 144 Or. 655, 24 P.2d 345, 349, 25 P.2d 1055, the Supreme Court of Oregon said: "While he was only 10 years of age, the statute made him sui juris for the purposes of the act, and presumably, in making his claim for compensation and in accepting payment thereof, his father was acting as his natural guardian. It is a well-settled rule that, when a party has two remedies inconsistent with each other, any act done by him with a knowledge of his rights and of the facts determines his election of the remedy. Robb v. Vos, 155 U.S. 13, 15 S. Ct. 4, 39 L.Ed. 52." See, also, Holmes v. Henry Jenning & Sons, D.C., 7 F.2d 231; McGrath v. Northwestern Trust Co., 178 Minn. 47, 225 N.W. 901; Victor Chemical Wks. v. Industrial Board, 274 Ill. 11, 113 N.E. 173, Ann.Cas.1918B, 627; Tocci Case, 269 Mass. 221, 168 N.E. 744, 67 A.L.R. 236; Sciortino v. Dimon S. S. Corporation, D. C., 39 F.2d 210.

It follows from the foregoing authorities that the action of the employee-appellant, in accepting compensation from Wilkey, the agent of the insurance carrier, was a procedural material matter that with full knowledge of the facts amounted to a binding election of remedies within Sections 7586. and 7587, Code, and prevented plaintiff from maintaining this action. This action brought the case within the inhibition of statute for suit for "damages on the part of any party other than the employer", having elected to pursue his remedy against the employer, and gave the right of other suit to the employer or his insurance carrier by way of subrogation under the statute to "recover against such other party * * * and recover the aggregate amount of compensation payable by him to such employe or his dependents hereunder,

together with the costs of such action and reasonable attorney's fees expended by him therein." (Section 7586, Michie's Code.) Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Day & Sachs v. Travelers' Ins. Co., 223 Ala. 558, 137 So. 409.

This view is further indicated by the provisions of Section 7587; Michie's Code, as follows: "* * * If the injured employe, or in case of his death, his dependents, shall agree to receive compensation from the employer or shall institute proceedings to recover the same, or accept from the employer any payment on account of such compensation, such employer or his insurance carrier shall be subrogated to all the rights of such employe, or dependents, and may maintain, or in case an action has already been instituted, may continue the action either in the name of the employe or dependents, or in his own name, against such other party for the recovery of damages."

These sections (7586, 7587, Code) were designed to cover different situations which might arise under the Workmen's Compensation Act, each being a part of that Act, promulgated at the same time, and must be construed in pari materia. The Legislature intended to use the language it did use and hence the right of action in the employe's name was given in Section 7587 and withheld in Section 7586. If this be true, there is no basis for holding this action maintainable solely in the name of the injured employe. The two sections read together indicate clearly the intention of the Legislature in regard to parties who may maintain a suit for damages or proceed to the collection thereof. For example, under Section 7587, should the employer or insurance carrier recover damages in excess of the compensation payable, plus costs, attorney's fees and reasonable expenses, he shall pay to the employe or his dependents such excess money. Thus the Act takes care of any contingency between the parties which may arise as to obtaining the proceeds of the judgment. It is significant that no provision was made in Section 7586 for the subrogee to enforce its claim against the employe plaintiff should a judgment be obtained by such employe as an individual, in an action in which he alone was plaintiff and so collected. No such action was contemplated or authorized in Section 7586.

We are brought to the conclusion, and hold, that it was not intended, in cases in which the employe has no interest in the proceeds, that he should bring the action in his own name. The intention of the Legislature was that such action, after a binding election to receive compensation under the Act, must be prosecuted in the name of the beneficial owner—the employer or his insurance carrier. Sloss-Sheffield S. & I. Co. v. Metropolitan Cas. Ins. Co. of N. Y., Ala.App., 185 So. 395.

In Day & Sachs v. Travelers' Ins. Co., 223 Ala. 558, 137 So. 409, the action was properly brought in the name of the subrogated insurance carrier; and in Byars v. Alabama Power Co., 233 Ala. 533, 172 So. 621, the suit was by a dependent for the use and benefit of the insurance carrier. There is analogy in the last cited decisions, and to the end that we have indicated.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.