WRIGHT, Presiding Judge.
This is a workmen’s compensation case, and a case of first impression. The case arose under Title 26, § 312, Code of Alabama (1940) (Recomp.1958) as amended in 1961. The statute provides for contribution of attorney’s fees by an employer following the employee’s recovery from a negligent third party.
The controlling issues in the ease are under what statutory provision does the one year statute of limitations arise and when does the limitation period begin to run?
The injuries occurred on February 3, 1970, when Reynolds Metals Company employees Jeffreys and Beavers were involved in an automobile collision on a private road owned by Reynolds Metals. William Thomas Fish was the driver of the other vehicle in the accident.
Jeffreys and Beavers thereafter brought suits in the Colbert County Circuit Court against William Thomas Fish and Reynolds Metals Company for personal injury based on negligence. The claim was filed on February 2, 1971.
Fish was dismissed from that suit on November 2, 1971. Then on November 18, 1971, he settled with the plaintiffs, Jeffreys receiving $25,000 and Beavers receiving $5,500. Reynolds Metals Company promptly removed the negligence action to the United States District Court, Northern District of Alabama, Northwestern Division.
In the federal court, Reynolds Metals filed a motion for summary judgment contending that its employees’ only action against it was an action for workmen’s compensation. The court agreed and granted the motion dismissing the case, on February 28, 1972.
Jeffreys and Beavers then sued Reynolds Metals in Colbert County Circuit Court for contribution for attorney’s fees incurred in the 1971 settlement with Fish. The claim was filed February 2, 1973, some three years after the injuries occurred and more than two years after the plaintiffs’ settlement with Fish. In the interim however, Jeffreys and Beavers received sickness and accident benefits under a policy Reynolds Metals had with Metropolitan Life Insurance Company. These payments were not dependent, however, on occupational injury *456 and would have been paid regardless of whether the employees had a workmen’s compensation claim.
Reynolds Metals defended the claim for contribution for attorney’s fees on the ground that the one year statute of limitations had run. The circuit court disagreed, finding that the limitation period ran from the date of the federal court’s grant of summary judgment in the original negligence action. The trial court also found that the appropriate limitation statute was Title 7, § 26(1), Code of Alabama (1940) (Recomp.1958). Judgment was entered for plaintiff-employees under Title 26, § 312, Code of Alabama (1940) (Recomp.1958) as amended in 1961. From this judgment Reynolds Metals Company timely appealed.
Title 7, § 26(1), as relied on by the trial court, has no pertinence to workmen’s compensation. That section governs an action “for the recovery of wages, overtime, damages, fees and penalties.” Thus the section has no application here, and was erroneously applied.
There is no question but that Title 26, § 296 Code of Alabama (1940) (Recomp. 1958) specifically applies to Title 26, § 312, as amended, for third party negligence actions under the Workmen’s Compensation Law. However, the limitations set out in Title 26, § 296 were already in effect when the 1961 amendment providing for contribution of attorney’s fees was enacted. No cases have arisen determining when the one year statute of limitations under § 296 begins to run for purposes of the 1961 attorney’s fee amendment.
Appellant Reynolds Metals contends that the claim for contribution for attorney’s fees runs from the date of the injuries. This court cannot agree to that proposition. Since the claim for contribution for attorney’s fees cannot accrue until the final determination of the third party action, the limitation period should not begin to run until that time. It is inconceivable that the legislature would amend the law to increase the employee’s compensation by providing for this contribution and then allow the claim to be cut off before the third party action had determined the employer’s liability.
This finding, however, does not save the case for the appellee-employees. We find that in this case, the third party suit was finally determined on November 18, 1971, when the employees settled with third party defendant Fish. Title 26, § 312, as amended, itself excludes the employer from the category of third parties. Jef-freys and Beavers had no common-law negligence action against Reynolds Metals as the Workmen’s Compensation Law is in the nature of a substitute for tort actions at common-law. Title 26, § 253, Code of Alabama (1940) (Recomp.1958). See, Harris v. Louisville & Nashville R. Co., 237 Ala. 366, 186 So. 771 (1939); Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937).
Due to the statutory nature of the exclusive remedy for employees under the Workmen’s Compensation Law, the trial court was in error to find that the February 28, 1972 ruling by the federal court was a “judicial determination of plaintiffs’ remedy.” Plaintiffs were statutorily informed of their remedy against Reynolds Metals Company prior to the 1972 federal court ruling. Appellee-employees’ arguments that the employer was notified of a compensation claim by the 1971 action are of no avail. A proper claim or agreement with Reynolds Metals as to workmen’s compensation benefits was never made.
Jeffreys’ and Beavers’ contention that the statute of limitations should run from the date of last payment under the sickness and accident policy held by Reynolds Metals Company is also unpersuasive. These benefits were not tied in any way to occupational injury and would have been paid whether or not the employees had a claim for workmen’s compensation. Additionally, these benefits were provided by a policy written by Metropolitan Life Insurance Company and totally separate from the workmen’s compensation insurer, Liberty Mutual Insurance Company.
*457 The case of Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275 (1971), though heavily relied on by both parties and the trial court, has little or no application here. No statute of limitations question arose in that case.
The judgment of the court below is due to be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.