ADAMS, Justice.
We granted a writ of certiorari to the Court of Civil Appeals to review its decision in these workmen’s compensation cases. The Court of Civil Appeals held that the *458 one-year statute of limitations provided in Code 1940 (Recomp.1958), Tit. 26, § 296[1], for an employer’s contribution of attorney’s fees under Code 1940 (Recomp.1958), Tit. 26, § 312,[2] where an employee has recovered from a third party, runs from the final determination of the third-party action. Ernest Jeffreys and Albert Beavers (plaintiffs) claimed Reynolds Metals Company (defendant), their employer, was obligated to provide a contribution for attorney’s fees because they secured a recovery from a third-party defendant for their injuries. Plaintiffs brought actions against defendant for contribution of attorney’s fees more than one year after the final determination of their third-party action. The Circuit Court for Colbert County found plaintiffs’ claims to be within the statute of limitations provided in Code 1940 (Recomp.1958) Tit. 7, § 26(1)[3]. The Court of Civil Appeals reversed, applying Tit. 26, § 296, and held that the statute had already run. Both statutes provide one-year periods of limitations. The facts pertinent to this appeal are set out in the preceding opinion of the Court of Civil Appeals.[4]
Although the Court of Civil Appeals reached the correct result, it did so for the wrong reason. We find the dispositive issue to be: Did plaintiffs invoke the operation of § 312 and thereby provide a basis for their claims seeking contribution for attorney’s fees? We hold that they did not, and, therefore, we affirm.
Our resolution of this appeal allows us to pretermit determination of the appropriate statute of limitations applicable to plaintiffs’ claims. However, our failure to reach the statute of limitations issue should not be construed as approving the resolution of that issue as arrived at by the Court of Civil Appeals or the circuit court.
At the outset, we observe that plaintiffs’ claims for attorney’s fees must arise from the operation of § 312. Prior to 1961, § 312 recognized an employee’s right to pursue a third-party action for his work-related injury:
Where the injury or death for which compensation is payable under Article 2 of this Chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer whether or not such party be subject to the provisions of Article 2 of this Chapter the employee, or his dependents in case of his death, may proceed against the employer to recover compensation under Article 2 of this Chapter, or may agree with the employer upon the compensation payable under Article 2 of this Chapter, and at the same time may bring an action against such other party to recover damages for such injury or death, and the amount of such damages shall be ascertained and determined without regard to Article 2 of this Chapter.
Acts 1947, No. 635, p. 484, § 1.
Subsequently, the following amendment was added to § 312 in 1961:
In any settlement made under this Section with a negligent third-party by the employee, or in case of his death, by his dependents, the employer shall be liable for that part of the attorneys fees incurred in the settlement with the third-party, either with or without suit, in the same proportion that the amount of the reduction in the employers liability to pay compensation bears to the total recovery from such third-party.
Acts 1961, Ex.Sess., No. 272, p. 2289, § 4.
The 1961 amendment effectively increased the employee’s compensation by making the employer contribute to the employee’s attorney’s fee in a third-party claim, with or without suit, which reduced the employer’s liability for compensation.
Applying these statutory provisions, we conclude that the Court of Civil Appeals *459 and the circuit court went astray in their reasoning by accepting an unfounded premise: defendant had an obligation to plaintiffs under workmen’s compensation. None, in fact, existed. Although the federal district court dismissed plaintiffs’ common law suits against defendant, holding that plaintiffs’ exclusive remedy was workmen’s compensation, that did not create an obligation on defendant’s part under workmen’s compensation. At the time of the federal district court’s judgment, plaintiffs had never invoked the provisions of the workmen’s compensation act. Instead, they had pursued a common law suit against defendant, contending all the while that defendant was liable at common law, and not liable under workmen’s compensation. Plaintiffs neither filed an action for workmen’s compensation, nor reached an agreement with defendant as to the amount of compensation payable. Both means are specifically mentioned in § 312, and a plaintiff must utilize one of those means if he is to preserve his right to contribution for attorney’s fees. Because plaintiffs did neither, defendant has no liability under workmen’s compensation.
Stated another way, we hold simply that plaintiffs’ election to pursue only their common law action against defendant, rather than their remedy for workmen’s compensation, or their alternative remedies at common law and for workmen’s compensation, resulted in neither an agreement, nor an adjudication as to workmen’s compensation liability. Thus, there being no liability of the employer under workmen’s compensation, the statutory mandate of employer contribution to any attorney’s fee for a third party recovery was never invoked.
Indeed, the only statute of limitations applicable to this ease, as here postured, is § 296; and this application is restricted to plaintiffs’ causes of action against their employer for workmen’s compensation. That period of limitations expired long before plaintiffs filed their instant claim. Ultimately, therefore, defendant cannot incur a proportionate liability for attorney’s fees under § 312.
One further comment may be helpful in conceptualizing the principle upon which we base our holding. The Court of Civil Appeals, the circuit court, and counsel for the parties have consistently referred to the original two defendants (Reynolds and Fish) respectively as employer and third-party. In the context of this case, those references are inappropriate. These two defendants were sued as joint tort feasors. The fact that defendant Reynolds was plaintiffs’ employer was purely coincidental. Because plaintiffs made no claim against defendant Reynolds for workmen’s compensation, the suit against Fish, the driver of the other vehicle, was not a third-party suit as contemplated by § 312. We make this comment because it is obvious this error contributed to the erroneous rationale of the trial and appellate courts.
Although judicial restraint compels us to await a more appropriate adversary setting for determination of the statute of limitations applicable to a claim for an employer’s contribution for attorney’s fees, we will comment on the less controversial point regarding when the statute begins to run. The applicable statute of limitations would commence running, of course, from the accrual date of the cause of action, that is, from the date of the occurrence of all the contingencies prerequisite to fulfilling the third-party attorney’s fee contract, and the contingencies of the statutory mandate for employer contribution. For example, if the employer’s liability to pay compensation had been fixed, either by agreement or by adjudication, as of the time of the third-party recovery, the running of the limitations period on a claim for contribution would have commenced on the date of the final disposition of the third-party claim. If, on the other hand, the fixing of the workmen’s compensation liability occurs after the third-party recovery, the statute would run from the date of the determination of the employer’s liability to pay compensation.
For all of the foregoing reasons, we affirm the result arrived at by the Court of Civil Appeals.
AFFIRMED.
*460 MADDOX, FAULKNER, JONES and BEATTY, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and EMBRY, JJ., concur specially.

. The predecessor of Code 1975, § 25-5-80.

. The predecessor of Code 1975, § 25-5-11.

. The predecessor to Code 1975, § 6-2-39.

.Reynolds Metals Company v. Jeffreys, [MS. Sept. 16, 1981] 425 So.2d 454 (Ala.Civ.App.1981).