In the Matter of the Claim of SOLON S. BERNSTEIN, against BETH ISRAEL HOSPITAL et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — hospitals — when interne in hospital entitled to award under Workmen's Compensation Law for injury received in performance of duties.**

1. An interne in a hospital who serves as clerical assistant, takes history of cases, gathers specimens for laboratory tests and does work ordinarily performed by technicians in hospital laboratories and other sundry work not ordinarily performed by physicians, while so engaged is an employee of the hospital under whose order he acts, and the fact that he receives no money for his services, but only lodging, board and uniforms, does not defeat his right to an award under the Workmen's Compensation Law, where he is injured while in the performance of an autopsy in the ordinary course of adminis-

trative routine.  (*Schloendorff* v. *Society of N. Y. Hospital*, 211 N. Y. 125, distinguished.)

2. The hospital does not carry on its business for pecuniary gain. It elected, however, to insure. The carrier having accepted its premium, is bound to the same extent as if gain rather than benevolence had inspired its activities. (Workmen's Com. Law, § 55.)

*Matter of Bernstein* v. *Beth Israel Hospital*, 205 App. Div. 419, affirmed.

(Argued June 1, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 19, 1923, affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*E. C. Sherwood* and *William B. Davis* for appellants. The claimant was not an employee of Beth Israel Hospital. (*Kackel* v. *Serviss*, 180 App. Div. 54; *Matter of Schweitzer* v. *T. & N. Co.*, 229 N. Y. 97; *Svolos* v. *Marsh & Co.*, 195 App. Div. 674; *Dworkowitz* v. *Harlem River Towboat Line*, 192 App. Div. 855; *Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Hordern* v. *Salvation Army*, 199 N. Y. 233; *Kellogg* v. *C. C. Foundation*, 203 N. Y. 191; *Kueckel* v. *Ryder*, 54 App. Div. 252; *Hexamer* v. *Webb*, 101 N. Y. 377; *Pearl* v. *W. E. St. Ry. Co.*, 176 Mass. 177.)

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The claimant was an employee of the Beth Israel Hospital. (*Kellogg* v. *C. C. Foundation*, 203 N. Y. 191; *Hordern* v. *Salvation Army*, 199 N. Y. 233.)

CARDOZO, J.   Claimant in March, 1921, was the junior house physician in the Beth Israel Hospital. He had performed an autopsy under the direction of the superintendent, and was sewing up the corpse. The needle slipped, puncturing his finger, and blood poisoning followed. The question is whether he is an employee within the meaning of the statute (Workmen's Compensation Act; Consol. Laws, ch. 67).

. Claimant's connection with the hospital began in January, 1920. The agreement was that he would serve for two years without pay other than board, lodging and hospital uniforms. " The duties of an interne," as described by the superintendent, " are administrative as well as scientific." The description applies to the claimant as to others. " He served as clerical assistant; took history of cases; also gathered specimens for laboratory tests; and did work ordinarily performed by technicians in hospital laboratories, and other sundry work not ordinarily performed by physicians." The autopsy was part of the administrative routine.

The claimant, while so engaged, was the employee of the hospital under whose orders he was acting. *Schloendorff* v. *Society of N. Y. Hospital* (211 N. Y. 125) is not in point. There the question arose, not between hospital and physician, but between hospital and patient. We held that a physician, while engaged in the treatment of a patient, does not charge a public hospital with liability for negligence or trespass. Such a hospital undertakes, not to heal or attempt to heal through the agency of others, but merely to supply others who will heal or attempt to. heal on their own responsibility. Liability in such cases is to be determined by the contract, express or implied, between hospital and patient. Liability in this case is to be determined by the contract, express or implied, between hospital and physician. We think the relation *inter se* is to be characterized as a relation of employment. A distinction is to be drawn for that purpose between the position of a visiting or consulting physician, and that of an interne, who has placed his time and service at the call of a superior. We have drawn a like distinction between attorneys at law retained for a specific service, and those serving a single employer in consideration of a salary (*Greenberg* v. *Remick & Co.*, 230 N. Y. 70, 75). This claimant was under a duty to spend his days and nights at the hospital, and

to render any service, administrative or medical, exacted by the hospital through its administrative agents, within the range prescribed by propriety and custom. He was a servant or employee by every test of permanence of duty, of intimacy of contact, and of fullness of subjection.

The fact that internes in this hospital (unlike those in many others) receive no money for their services, but only lodging, board and uniforms, does not defeat their right to an award under the statute. By section 3, subdivision 9 (Workmen's Compensation Law [Cons. Laws, ch. 67]), " ' wages ' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer."

The hospital does not carry on its business for pecuniary gain (*Dillon* v. *Trustees of St. Patrick's Cathedral*, 234 N. Y. 225). It elected, however, to insure. The carrier, having accepted its premium, is bound to the same extent as if gain rather than benevolence had inspired its activities (Workmen's Compensation Law, § 55).

The order should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.