In the Matter of the Claim of MARY ZIOLKOWSKI, against
   AMERICAN RADIATOR COMPANY et al., Respondents.
        STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — employee
exposed to great cold in performance of duties — effort to keep
warm by bringing pails of hot coal into small cab not abandon-
ment of employment — risk therefrom a natural consequence
of work.**

The act of an employee, whose duties required him to sit upon an
iron stool in an unheated cab on a cold night in winter, in placing, with-
out the permission or knowledge of his employer, two pails of hot coals
in the cab, thereby creating a dangerous situation, as a result of which
his clothes caught fire and he died from burns, may have been negligent
but was not an abandonment of his employment.   His efforts to relieve
himself from the discomfort of extraordinary cold were the natural
result of the conditions created by his employment.   The risk was
not only directly connected with the work but it was a natural con-
sequence of the work.

*Matter of Ziolkowski* v. *American Radiator Co.*, 222 App. Div. 708,
reversed.

(Argued February 13, 1928; decided March 27, 1928.)

APPEAL from an order of the Appellate Division of
the Supreme Court in the third judicial department,
entered January 6, 1928, reversing an award of the
State Industrial Board made under the Workmen's
Compensation Law and dismissing the claim.

*Albert Ottinger, Attorney-General (E. C. Aiken* of
counsel), for appellant. The accident by which the
employee was burned to death arose out of and in the
course of his employment. (*Maladrino* v. *Southern N. Y.
Power & R. R. Co.*, 20 State Dept. Rep. 438; 190 App. Div.
780; *Matter of Moore* v. *Lehigh Valley R. R. Co.*, 169 App.
Div. 177; 217 N. Y. 627; *Northwestern Iron Co.* v.
*Industrial Comm.*, 160 Wis. 633; *Edmunds* v. *Peterson,*
5 B. W. C. C. 157; *Von Ette's Case*, 223 Mass. 56.)

[247 N. Y. 513]        Opinion, *Per Curiam.*        [Mar.,

*Clarence B. Tippett* for respondent.   The injuries which caused the death of the deceased did not arise out of and in the course of his employment, and the order of the Appellate Division reversing and dismissing the claim should be affirmed.  (*Strand* v. *Harris Structural Steel Co.*, 209 App. Div. 310; *Saenger* v. *Locke*, 220 N. Y. 556; *Gifford* v. *Patterson*, 222 N. Y. 4; *Di Salvio* v. *Menihan Co.*, 225 N. Y. 123; *Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12; *De Filippis* v. *Falkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Stillwagon* v. *Callan Bros.*, 224 N. Y. 714; *Frost* v. *Franklin*, 204 App. Div. 700; 236 N. Y. 649; *Di Salvo* v. *Jenkins*, 239 N. Y. 531; *McCarter* v. *La Rock*, 240 N. Y. 282.)

*Per Curiam.*   Joseph Ziolkowski was employed to operate an electric crane used in the yards of a foundry of the American Radiator Company.   His duties required him to sit upon an iron stool in the cab of the crane. The cab was small.   Ziolkowski's hours of work began at five o'clock in the afternoon.   They continued ordinarily till the early morning hours.   The night of January 27th, 1927, was cold — it is said, the coldest night of the winter.   The cab was unheated.   At eleven o'clock that night the foreman passed the cab where Ziolkowski was working and called to him: " How is everything? "   Ziolkowski answered: " Pretty cold, but I think I can stick it out."   Two hours thereafter, while Ziolkowski was still in the cab of the crane, his clothes caught fire.   Two pails of hot coal were at that time in the small cab.   The Industrial Commission has found that Ziolkowski's clothing caught fire from the contents of the pails. Ziolkowski died the same day as a result of burns.

The crane was operated by electricity.   The pails of hot coal in the cab had been placed in the cab for the purpose of keeping the operator warm.   They were placed there by the operator without the permission or knowledge of the employer.   Doubtless they were so

placed by the operator for his own comfort while working. An award to the dependents of the deceased employee has been reversed and their claim dismissed on the ground that the injury did not arise out of the employment, and as a natural incident to the work.

It is natural for a workman exposed to the discomfort of great cold to try to keep himself warm. The method adopted by the employee here created a dangerous situation for him in the close confinement of the small cab. His act may have been negligent, it certainly was not an abandonment of his employment. He sought to relieve himself, while his employment continued, from the discomfort of extraordinary cold to which his employment exposed him that night. His efforts were the natural result of the conditions created by the employment. The risk was not only directly connected with the work, but it was a natural consequence of the work.

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.