138 So. 411

### NALL v. ALABAMA UTILITIES CO.

4 Div. 584.

Supreme Court of Alabama.

Dec. 17, 1931.

O. S. Lewis, of Dothan, for appellant.

A. R. Powell, of Andalusia, for appellee.

**BROWN, J.**

This is a common-law action on the case by plaintiff to recover damages resulting from the malpractice of a physician employed by the defendant to treat plaintiff for injuries received by the plaintiff in the course of his employment by the defendant who, as the complaint avers, was "operating under the Workmen's Compensation Law of the State of Alabama."

The demurrer of the defendant to the complaint, taking the point, among others, that it fails to aver that defendant was negligent in the selection and employment of the physician, was sustained, and the plaintiff declined to plead further, suffered a nonsuit, and appealed.

The law is well settled that, in an action for personal injuries proximately resulting from negligence of the person sued, his agents or servants acting within the line and scope of their employment, the fact that such injuries and damages are aggravated or enhanced through the negligence of a physician selected and employed by the party injured cannot be shown in avoidance or repression of the damages suffered; this for the reason that such malpractice cannot stand as an efficient intervening cause, and the person responsible for the injury through negligence will be held liable for the aggravated injury and damage, as well as that originally resulting. O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L. R. 1263, and note page 1268.

It is also well settled that where a person negligently causes personal injury to another, and the injury and damage are aggravated by the malpractice of a physician or surgeon employed by the person causing the original injury, the person causing the injury is not liable for aggravation of the injury or damage, unless he is negligent in the selection of the physician or surgeon. The basis of this rule is that the physician or surgeon whose negligence caused the damages is not an agent or servant of the original tort-feasor, but is an independent contractor, and is personally liable for his own wrong. Parsons v. Yolande Coal & Coke Co., 206 Ala. 642, 91 So. 493; Purchase v. Seelye, 231 Mass. 434, 121 N. E. 413, 8 A. L. R. 503, and note.

But the appellant insists that cases falling within the last classification are not applicable to his case because of the provisions of section 7567 of the Code of 1923, that "The employer may, if he so elects, furnish *proper and efficient* medical and surgical treatment, and attention and services herein provided for, free of charge to the injured employee during such sixty days or such time thereafter as he desires to furnish the same, and such employee shall accept the same," etc. (Italics supplied.)

The fault in this contention is that said section 7567 is found in the Workmen's Compensation Law, which, as between employer and employees and causes of actions coming within its influence, is exclusive; the statute abrogating common-law causes of actions and common-law remedies in respect to personal injury, loss of service, or death within the influence of the Workmen's Compensation Law. Therefore, for injuries and damages arising out of the relation of employer and employee within the influence of the Workmen's Compensation Law, the employee must pursue the remedy provided by that statute. Code 1923, § 7546. However, the authorities seem to be agreed that aggravation of injuries to an employee arising from negligent medical or surgical treatment are compensable under the Workmen's Compensation Law. Drengwitz v. Lincoln Park Coal & Brick Co., 317 Ill. 302, 148 N. E. 79, 39 A. L. R. 1270, and note; Oleszek v. Ford Motor Co., 217 Mich. 318, 186 N. W. 719.

The judgment here is that the demurrer to the complaint was properly sustained, and the

judgment of the circuit court should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.