## HILL v STATE

Ohio Appeals, 7th Dist, Monroe Co

No 266.    Decided May 5, 1933

T. J. Kremer, Woodsfield, for plaintiff in error.

Chas. W. Lynch, Prosecuting Attorney, Woodsfield, for defendant in error.

RICHARDS, J, (6th Dist) sitting in place of ROBERTS, J.

RICHARDS, J.

It is contended that the verdict and judgment are against the weight of the evidence, but we are unable to find such to be the fact.

The evidence offered by the State consisted of that of two occupants of the car with which the truck driven by Hill collided and that evidence was corroborated by various other witnesses, and tended to show that the truck operated by Hill did not stop, and that two occupants of the other car pursued in an attempt to ascertain the identity of the driver and the number of the motor vehicle, but were not able to do so. Shortly after the accident another car came along, and with the aid of that car, pursuit was taken up, and the truck discovered, and identity of the driver and the registration number ascertained.

The defendant, Hill, offered evidence tending to show that he stopped his truck and returned to the scene of the accident, but saw no person, and that he discovered a light was going away from the scene of the collision, and supposed that the injured car was able to travel on its own power.

The jury evidently adopted the version of the situation given by the witnesses called by the State, and the conclusion which the jury reached, certainly is not manifestly against the weight of the evidence.

It is further contended that the charge contained error prejudicial to the plaintiff in error. This court's examination of that charge fails to reveal any error prejudicial to Hill.

The trial court charged that, before the jury could return a verdict of "guilty," it must be able to find from the evidence that the defendant unlawfully and wilfully failed to stop or to give his name and address, or if he were not the owner of the vehicle, the name and address of the owner, and the registration number of the vehicle.

The court further charged the jury that the only purpose for which evidence was admitted showing the extent of damage, was to prove knowledge on the part of the driver of the truck that there was a collision. We find no error in the charge nor in the admission of evidence as to the extent of damage.

The statute which was found to have been violated, was enacted for the purpose of preventing negligent or wanton drivers from evading civil and criminal prosecution, by not stopping so that their identity could be established. It contemplates that the person operating a motor vehicle at the time of the collision, and having knowledge of the collision, must return to the place of the accident and remain for a sufficient time to give a reasonable opportunity for others to demand of him the information required by the Statute.

It was suggested by counsel for the State, that no exception was taken by the defendant to a certain ruling of the trial judge, which is claimed to be erroneous.

Under the new criminal code, no exception is required to be taken in the trial of a criminal cause.

This court finds no prejudicial error and therefore the judgment is affirmed.

FARR and POLLOCK, JJ, concur.