In the Matter of the Claim of ANNIE FINNEGAN against ANNIE E. BIEHN et al., Respondents.
STATE INDUSTRIAL BOARD, Appellant.
In the Matter of the Claim of ANNIE FINNEGAN et al. against ANNIE E. BIEHN et al., Respondents.
STATE INDUSTRIAL BOARD, Appellant.

Argued September 28, 1937; decided November 23, 1937.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for appellant. The injuries to the decedents and resultant death arose out of and in the course of their employment. (*Matter of Ziolkowski* v. *American Radiator Co.*, 247 N. Y. 513; *Malandrino* v. *Southern*

*N. Y. Power & R. Co.*, 190 App. Div. 780; *Hannan* v. *Consolidated Telegraph & Electrical Subway Co.*, 227 App. Div. 679.)

*F. A. W. Ireland* for respondents. There was no testimony to support the finding of the State Industrial Board that the injuries sustained by the employees arose out of and in the course of their employment. (*Matter of Pisko* v. *Mintz*, 262 N. Y. 176.)

FINCH, J.   Joseph and Catherine Burns, husband and wife, were employed as janitors of a tenement house, which contained no central heating system. They received as compensation a small monthly wage and the use of an apartment in the building.   Both died as the result of burns suffered in a fire which occurred on January 1, 1935, when an oil heater, which they were using to keep their apartment warm, was accidentally overturned. At the time of the fire all the tenants had vacated the building, and the decedents were remaining on the premises in order to watch the building and to perform general duties of supervision until the building was closed and padlocked in preparation for demolition.

The Industrial Board granted awards, but the Appellate Division, two justices dissenting, has reversed and dismissed the claims on the ground that there was no evidence to support the finding that the accident arose out of the employment.

Death or injuries resulting from fire have been held to arise out of and in the course of the employment when the employee is on twenty-four hour duty, even though the employee was asleep or not actively engaged in his work at the time of the fire. (*Matter of Giliotti* v. *Hoffman Catering Co.*, 246 N. Y. 279.)   The employee is required to remain on the premises, and injuries connected with the place he is bound to occupy are compensable. Not all injuries which occur on the premises, however, arise out of the employment.   Injuries due to the acts of the employee disassociated from his employment are not

compensable. " The difficulty lies in drawing the line between that which is a risk growing out of the employment and that which is solely personal to the employee." (*Matter of Pisko* v. *Mintz*, 262 N. Y. 176, 179.)

The duties of the decedents required their presence on the premises which contained no heating system on the day of the fire in January. Necessarily, in mid-winter, they had to provide some method of keeping warm. The conditions of the employment created the necessity for using the oil stove. Heating was a necessary concomitant of the employment in order that the decedents might perform their duties. It did not involve a purely personal act which might have been performed by the decedents wherever they lived. (*Matter of Zilokowski* v. *American Radiator Co.*, 247 N. Y. 513.) The injuries in the case at bar were caused by a risk growing out of the employment and were not the result of a personal act of the employee disassociated from the place of employment.

Our conclusion does not conflict with the cases of *Matter of Pisko* v. *Mintz* (*supra*), which involved the death of a janitor as the result of a fire caused by his own cigarette, and *Matter of Commissioner of Taxation & Finance* v. *Fure* (241 App. Div. 644; affd., 264 N. Y. 678), where the decedent was asphyxiated by gas while brewing tea, since in both cases the injury was the result of and was caused by an act of the employee which was purely personal and disassociated from his employment.

The order of the Appellate Division should be reversed, and the awards of the Industrial Board reinstated, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Orders reversed, etc.