**STATE v SCOLARO**

Municipal Court of Cleveland

Decided May 10, 1939

Jerome B. Goldman, Cleveland, for state.

Louis Fernberg, Cleveland, for defendant.

**OPINION**

By ARTL, J.

This is an action charging defendant with the violation of the statute §12606, GC. Failing to Stop After Accident, etc. The case was tried to the court without the intervention of a jury. The affidavit upon which the action is based is as follows:

"That on or about the 29th day of March, A. D., 1939, at the said city and county, one Joseph Scolaro operating a certain automobile on a certain public highway in the city of Cleveland, to-wit, East 131st street, had, due to the operation of such automobile, struck and injured Joseph Horkey, but the said Joseph Scolaro having knowledge of said accident, unlawfully and wilfully did stop but refused to give his name and address upon request of Marie Bartosek, etc."

The facts briefly are as follows:

Emerging from a drugstore at the northeast corner of East 131st and Southview avenue, in the city of Cleveland, at about 9:30 P. M., John Bartosek and his wife, Marie, saw an automobile standing on East 131st st., facing northerly, about 4 or 5 feet from the south curb of said street, and a short distance south of the southeast corner of East 131st and Southview ave., and about 125 or 130 feet from where they were. Although it was dark and raining slightly, by means of the headlights on said auto, they saw an individual, later identified as the fedendant, dragging an object from the roadway of said East 131st to the southerly curb thereof.

After depositing the object on the curb or tree lawn, the object being later identified as one Joseph Horkey, who was fatally injured in said accident, the defendant entered his automobile and proceeded to drive northerly upon said East 131st, past the northeast corner of East 131st and Southview avenue, where John and Marie Bartosek were standing.

As the automobile of the defendant drove toward the northeast corner of said streets, both John and Marie Bartosek moved toward the south curb of said East 131st, so that at the instant when the auto was abreast of Bartosek and his wife, the auto was about 10 feet away from them. The windows of the auto were closed. John Bartosek and Marie Bartosek both yelled at the defendant to stop. The defendant heard their call, turned his head toward them

and waved his hand in the direction he was proceeding.

Bartosek and his wife obtained the license number of the auto, CV 235, reported the same to the police, who traced same to the defendant and shortly after the occurrence found the defendant at home, and upon questioning, readily admitted the facts substantially as stated herein.

Defendant explained his failure to stop when called to do so by Bartosek, and his subsequent waving of his hand, by saying that he intended to report the accident at the nearest police station, which is located on East 131st, north of the place of the accident, the direction in which he was driving, and in which he waved, but that he later changed his mind and drove home.

As far as the record indicates, the Bartoseks were the only persons at or near the scene of the accident when defendant drove away, and, of course, know nothing of the manner in which it occurred.

Counsel for the defense urges upon the court two defenses, to-wit:

(1) That defendant having stopped and placed the injured person upon the tree lawn, the injured person being unable to request any information and no one else being present to do so, fully absolves defendant from criminal responsibility, it being claimed that because there is no punctuation after the word "stop" in the statute, but one duty is imposed on the defendant, namely, to stop, which defendant did.

(2) That the statute is unconstitutional in that it contravenes the 5th Amendment to the Constitution of the United States, and **Article I, Par. 10, of the Constitution of the State of Ohio,** wherein it is provided "that no person shall be required to be a witness against himself."

The language of the statute in question is as follows:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, and having knowledge of such accident or collision, shall stop and upon request of the person injured or any person, give such person his name and address and in addition thereto, if not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle * * * * "

In support of the first defense, counsel for the defendant in his brief cites the opinion of the Attorney General **(O. A. G. 946)** rendered in 1929, "to show the court that the intent of the legislature is subject to varied interpretation."

The conclusions reached by the Attorney General as stated in said opinion are:

"(1) The driver of a motor vehicle having an accident must return to the place of the accident and there remain for a sufficient time to give the person injured, or to any other person or persons a reasonable opportunity to request of him his name and address, or if he is not the owner, the name and address of the owner of such motor vehicle, together with the registration number of such motor vehicle.

(2) Whether or not the stopping by a driver of a vehicle upon the highway after an accident or collision is a sufficient compliance with §12606, GC depends upon the circumstances in each particular case—Gilbert Bettman, Att'y General."

But it should be noted that in his reasoning upon which said conclusions are based, the Attorney General makes the following observations, viz:

"While penal statutes are to be strictly construed, they are not to be construed so strictly as to defeat the ob-

vious intention of the legislature. The mere stopping by the driver after an accident would not carry out the object intended by the provisions of this section."

Continuing further, he says:

"The object of this section would not be satisfied by the driver stopping at some obscure or remote place, nor by stopping at the scene of the accident, where the injured person is unconscious and no one else is present, without waiting a reasonable time for anyone who might request the information."

To determine the intention of the legislature and the duty imposed upon the defendant by the language of the statute in question, a review of the cases dealing with the subject matter is extremely helpful and necessary. In the language of the Ohio Court of Appeals for the 7th District, in the case of **Hill v State**, decided May 5, 1933, and reported in **14 Abs 610, 611**, we find the court expressing itself as follows:

"The statute which was found to have been violated (§12606, GC), was enacted for the purpose of preventing negligent or wanton drivers from evading civil and criminal prosecution, by not stopping so that their identity could be established. It contemplates that the person operating a motor vehicle at the time of the collision, and having knowledge of the collision, must return to the place of the accident and remain for a sufficient time to give a reasonable opportunity for others to demand of him the information required by the statute."

And in another case, **Jewett v State**, reported in **22 Abs 37**, the court says that:

"The obvious purpose of this section and kindred sections is to minimize accidents by automobiles and to enable a person injured by another's automobile to learn the identity of the driver of the car which caused his injury and owner of the car if other than the driver. Such legislation is enacted for the benefit and protection of the public."

It is to be noted that both of the foregoing authorities unmistakably emphasize as one of the objects of said statute the establishment of the driver's identity. We are of the opinion that the statute, notwithstanding the criticism of its punctuation by the defense, places upon a driver, under circumstances such as this case presents, two separate and distinct duties: one, to stop, and second, to reveal his identity upon request of the injured party, or some other person for him, and if the other person is so severely hurt, or unconscious, so as not to be able to request such information, and there is no one else present to do so, to remain for a sufficient time upon the scene to afford a reasonable opportunity for others to demand of him the information required by the statute.

This is the view adopted by the Attorney General with respect to said section. In his opinion, 1938 O A G No. 2758, he states that

"an operator of a motor vehicle who fails to comply with the provisions of §12606, GC, may be charged with any of the following offenses:

(a). Failure to stop after an accident or collision, or

(b). Failure to give his name and address when requested so to do by the injured person or any other person, or if not the owner of the motor vehicle, the name and address of the owner thereof, together with the registered number of such motor vehicle."

We are not aware of any decision by an Ohio reviewing court upon this proposition, nor has any been cited to the court. We do find outside authority consistent with the view adopted by the

Attorney General, as well as our own. In Com. v Zeitler (1922) 79 Pa. Super. Ct. 81, decided under a statute which imposed a positive duty upon any operator of a motor vehicle who shall have injured the person or property of any other user of the highway to stop and render such assistance as may be necessary and * * * upon request, give his name and address to the injured party or his personal representative, the court, in upholding the action of the trial court in refusing to quash the indictment, upon the ground that it charged three separate and distinct offenses on one count, said:

"The operator of a motor vehicle, who knows that he has injured the person or property of another user of the highway, must perform the whole duty imposed by the statute. If he fails to stop promptly, he is guilty of an offense; if he does stop and then immediately drives on without making any attempt to render the assistance which he must have seen was necessary, he is still guilty of an offense; and if he stops and renders assistance, but refuses, upon request, to give his name and address, this, also, constitutes an offense.

But, if, knowing that he has injured persons or property, he merely drives on, making no attempt to render assistance or give his name and address, the whole transaction involves only one offense, and evidence of it would authorize the imposition of but a single penalty." See 66 ALR 1229—1230.

Except for the third requirement that the driver render to an injured person such assistance as appears to him necessary, the statute referred to in the foregoing Pennsylvania case is substantially the same as ours.

We are, therefore, of the opinion that although the defendant stopped and placed the injured man on the tree lawn in an unconscious condition, after which defendant entered his auto and started to drive off, there was a duty upon the said defendant to heed the call by Marie and John Bartosek for him to stop, they being the first and only persons at or near the scene of the accident, and since he failed to do so, whatever his intentions may have been, the defendant, having failed to return to the scene of the accident, or to remain there for a reasonable time, which he did not, is guilty of the offense charged.

In support of the second defense, in which counsel attack the constitutionality of the section involved, the following cases have been cited and examined, to-wit: **Rembrandt v Cleveland, 28 Oh Ap 4**, 161 N. E. 164, and **James v Cleveland, 28 Oh Ap 178.** Neither of the cases referred to are in any way applicable to the instant case, since they involve ordinances of the city of Cleveland, which imposed upon the defendants therein duties of much broader comprehension than that imposed by the statute under discussion.

Counsel point out that the constitutionality of §12606, GC, has never been passed upon by the Supreme Court. We are unable to find any Supreme Court decision on the question. There is an Appellate Court decision, however, in which the court holds:

"**Section 12606, GC** requiring drivers of motor vehicles in case of accident or collision, upon request of a person injured or any other person, to stop and give his name and address, and if not the owner, the name and address of the owner of the machine, together with the registered number, is a valid enactment notwithstanding the giving of such information might result in his prosecution." **Moore v State (App.) 36 O. L. R. 579.**

This court is in accord with the ruling of the Moore case, supra, and, therefore, holds that defendant has failed to maintain his second defense.