In the Matter of the Application of LEWIS F. RATHBUN, on Behalf of Himself and All Others Similarly Situated, Petitioner, for an Order against ROBERT W. SMITH and PATRICK A. GRIMES, Commissioners of Elections of the County of Monroe, State of New York, Respondents.

Supreme Court, Monroe County, October 17, 1940.

*Goodwin, Nixon, Hargrave, Middleton & Devans* [*Daniel G. Kennedy* of counsel], *Robert Lochner* and *Harris, Beach, Folger, Bacon & Keating* [*Thomas M. Nichols* of counsel], for the petitioner.

*Harry Rosenberg, County Attorney,* and *Leo G. Hosenfeld, Deputy Attorney-General,* for the respondents.

LAPHAM, J. For the purposes of this motion it is stipulated that the petitioner and others upon whose status this court is passing are connected with institutions wholly or partly supported at public expense. It was further conceded upon the argument that the petitioner and others have completed their medical courses and received their degrees from accredited medical schools, although some have not yet received a license to practice generally as a physician within the State of New York.

I believe that the refusal of the commissioners of elections to register the petitioner and others on the ground that they are either " students " of a seminary of learning or are " kept " at institutions wholly or partly supported at public expense, is not justified.

Although there is no sharp dividing line between a " student " and an " interne," I am of the opinion that the petitioner and others in this proceeding are not " students " within the meaning of section 151 of the Election Law. The petitioner and others here are members of the resident staffs of different hospitals and they have definite duties to perform under a written contract with the institution they serve. While they receive no remuneration in the form of wages, they do receive their maintenance, including room, board, laundry and uniforms. They do not have the freedom normally associated with student life because they are under a duty to spend their days and nights at the hospital and to render any service, administrative or medical, which might be required from them by the institution. In the words of Judge CARDOZO in *Matter of Bernstein* v. *Beth Israel Hospital* (236 N. Y. 268), each " was a

servant or employee by every test of permanence of duty, of intimacy of contact, and of fullness of subjection."

Section 1262 of the Education Law, dealing with the practice of medicine, contemplates a distinction between medical students and internes who are members of the resident staffs of legally incorporated hospitals. This section provides that article 48 shall not apply to the practice of medicine in a legally incorporated hospital by a physician duly appointed as a member of the resident staff or to medical students. Clause (10) of subdivision 1 of section 1262 provides: " Medical students performing clinical clerkships or similar functions in a legally incorporated hospital, State hospital or other State institution, provided such students are matriculated and enrolled in a medical school in this country or Canada registered as maintaining at the time a standard satisfactory to the department, or in a medical school in a foreign country maintaining a standard not lower than that prescribed for medical schools in this State." By this statute medical students are defined as those who are enrolled in a medical school although they are permitted to perform some functions in legally incorporated hospitals. The petitioner and others here have all received degrees from medical schools, thus completing the period of initial training which the law exacts for the practice of medicine in a legally incorporated hospital, provided they have been duly appointed as members of the resident staff of that hospital. (*Opinion of Attorney-General*, 51 State Dept. Rep. 113.)

The contention that the petitioner and others are " kept " at an institution wholly or partly supported at public expense or by charity is untenable. In *People ex rel. McShane* v. *Hagen* (48 App. Div. 203, 204; affd., 164 N. Y. 570) the court held that the relator was " kept " at a hospital because his presence there was not under a contract either express or implied. The fact that the petitioner and others here are serving under written contracts which prescribe their duties, obligations and compensation, clearly show that they are not the beneficiaries of the charity which the word " kept " definitely implies.

The petitioner and others are entitled to an order directing the commissioners and inspectors of elections to register them upon their compliance with the statutory requirements of the Election Law.

Let order enter accordingly.