In the Matter of the Claim of HELEN STRAND, Appellant, against HARRIS STRUCTURAL STEEL Co., INC., Employer and Self-Insurer, and SPECIAL FUND CONSERVATION COMMITTEE, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1940.

*Edward T. Curran*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General*, of counsel], for the State Industrial Board.

*John M. Cullen*, for the Special Fund Conservation Committee, respondent.

*William J. Nunan*, for the employer and self-insurer, respondent.

PER CURIAM. This is an appeal by the claimant-appellant from a decision of the State Industrial Board of the Department of Labor disallowing appellant's claim. The ground for the disallowance is stated to be that " the evidence submitted by the claimant since the reversal by the court and dismissal of the claim is not of sufficient weight and probative value to overcome the decision of the court." The earlier claim referred to in the foregoing statement was made in 1923 following the death of claimant's intestate while in the employment of the respondent corporation. The referee made an award following the 1923 hearing which was subsequently reversed by this court. (*Strand v. Harris Structural Steel Co., Inc.*, 209 App. Div. 310.)

In the opinion in that case it was stated that the injuries resulting in death did not arise from the deceased's employment but were caused as the result of a fire which deceased built in a mortar tub to warm himself while working upon a scaffold in the employment

of the respondent corporation. It was held that the fire in question was in no way incidental to deceased's employment and was contrary to the custom prevailing in the trade.

Since the rendering of the above decision, the Court of Appeals has at least twice held that workmen exposed to the discomfort of great cold are entitled to build fires to keep themselves warm. In the case of such fires these cases hold that although the risk is not directly connected with the work in question, it is the natural consequence of such work. (See *Matter of Ziolkowski* v. *American Radiator Co.*, 247 N. Y. 513; *Matter of Finnegan* v. *Biehn*, 276 id. 50.)

Accordingly, the law, as set forth in the previous decision by this court (*supra*), to the effect that an employee cannot recover compensation for injuries resulting from a fire built to warm himself, is no longer controlling, and, therefore, the earlier decision must be overruled upon this appeal. The Industrial Board should have an opportunity to reconsider the claim in the light of the foregoing pronouncements by the Court of Appeals.

The decision of the Industrial Board should be reversed and the matter remitted to the said Board.

HILL, P. J., CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Decision reversed and matter remitted to the State Industrial Board.