DELUHERY, Respondent, vs. SISTERS OF ST. MARY, Appellant.

*November 9—December 7, 1943.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *William Ryan*.

For the respondent the cause was submitted on the brief of *Lees & Bunge* of La Crosse.

FOWLER, J.  The case is an appeal from an order overruling a demurrer to a complaint on the ground that it fails to state a cause of action.  The action is brought by the father of a minor employee of the defendant hospital to recover expenses for hospitalization, medical attention, and nursing necessary for the proper care of the injuries of the minor sustained in the course of her employment by the defendant as a student nurse.

In the case of *Employers Mut. L. Ins. Co. v. Industrial Comm.* 235 Wis. 270, 292 N. W. 878, which involved the instant accident, as is shown by the files of that case, of which we take judicial notice, we decided that the relation of the hospital and the injured minor was that of employer and employee under the Workmen's Compensation Act, ch. 102, Stats., and affirmed an award by the commission for the injuries sustained by the minor. Sec. 102.03 (2), Stats., of that act expressly provides that where the conditions exist that bring the parties under the act, "the right to the recovery of compensation pursuant to . . . [the act] shall be the exclusive remedy against the employer."

Under this language the only liability of the defendant to the minor employee was to compensate her under the terms of the act. Sec. 102.42 (1), Stats., provides that the employer "shall supply such medical, surgical and hospital treatment, medicines, medical and surgical supplies, crutches, artificial members and appliances . . . as may be reasonably required to cure and relieve from the effect of the injury, not to exceed the period for which indemnity is payable, and in case of his neglect or refusal seasonably to do so, the employer shall be liable for the reasonable expense incurred by or on behalf of the employee in providing the same."

The services that the above statute requires the defendant to supply cover all the services which the complaint alleges the father procured and paid for. The instant minor was given by the act, sec. 102.07 (4), Stats., the power to contract. When she contracted with the defendant for rendition of the services required of her as a student nurse, the defendant impliedly agreed to furnish and pay for all of those services and the minor impliedly agreed that the defendant might supply such services. Plainly the minor could not recover expenditures made by her for the services for payment of which the father seeks recovery had she paid for them herself, unless the defendant neglected or refused seasonably to

provide them. The father procured the services "in behalf of" the minor. The father therefore is no more entitled to recover his payments for the services than the minor would be had she paid for them. There is no allegation in the complaint that the defendant neglected or refused seasonably to provide the services, and in absence of such allegation no cause of action is alleged.

The plaintiff contends that notwithstanding the terms of the compensation act the common-law right of a father to recover the expense of caring for the injuries to his minor child remains. But that common-law right rests on the law of torts, and the common law of liability for reimbursement of those expenses is a tort liability. An employer under the compensation act sustains no tort liability. *Clark v. Chicago, M., St. P. & P. R. Co.* 214 Wis. 295, 252 N. W. 685.

Counsel on each side cite cases from other jurisdictions which they contend support their respective contentions. But owing to differences between the language of the compensation acts of the several jurisdictions the decisions are of no aid in solving the particular question here involved. Under the language of our act we interpret that act as necessarily implying that the father's common-law right to recover from a tort-feasor the expense of the care of injuries inflicted by the tort-feasor on his minor child does not exist where the relation of employer and employee exists between the defendant and the child and they are both under the compensation act.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded for further proceedings according to law.