57 So.2d 96

## CARRAWAY METHODIST HOSPITAL, Inc. v. PITTS.

### 6 Div. 904.

Supreme Court of Alabama.

Jan. 3, 1952.

Rehearing Denied March 6, 1952.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Sheldon Fitts, Marion, Harsh & Glasser and Francis H. Hare, Birmingham, for appellee.

PER CURIAM.

This suit was instituted against Norwood Hospital, Inc., a corporation, by Hoy Pitts, father of Melba Addie Pitts, a minor, to recover damages for the death of his said minor daughter. The suit was filed under the so-called homicide statute. § 119, Title 7, Code 1940; McGough Bakeries Corp. v.

Reynolds, 250 Ala. 592, 35 So.2d 332; Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402. After suit was brought, the name of defendant was changed to Carraway Methodist Hospital, Inc. The complaint was amended to meet this change. The defendant will sometimes be referred to as the hospital.

The case went to the jury on two counts. In substance, Count 1 alleges that on December 19, 1946, the defendant operated a hospital in Birmingham, Alabama, and maintained a home for nurses serving or training in the hospital, which nurses' home was located at 1609—25th Street, North, and that while plaintiff's minor daughter was upon the premises of the nurses' home and while an invitee of the defendant upon such premises, the premises or some part or some object or objects therein caught fire, as a proximate consequence of which plaintiff's minor daughter was so injured that she died. There is a further allegation that defendant negligently caused or allowed plaintiff's minor daughter to be so injured that she died. Count 2 is very similar, the difference being that it alleges the defendant negligently caused or negligently allowed the premises or some part thereof or some object or objects therein to catch fire, as a proximate consequence of which negligence plaintiff's minor daughter was so injured that she died.

The defendant pleaded in short by consent in the usual form. Its defenses were (1) that it was guilty of no negligence which proximately caused the death of plaintiff's minor daughter; (2) contributory negligence of plaintiff's minor daughter; (3) the plaintiff was precluded from recovery in this form of action by virtue of the provisions of the workmen's compensation law.

There was verdict and judgment for plaintiff in the sum of $15,000. Defendant's motion for new trial having been overruled, it has appealed to this court.

Defendant operated, in connection with its hospital, an accredited school for nurses, which Miss Pitts entered on October 7, 1946. She was assigned a room in the nurses' home operated by defendant as an integral part of its hospital, which room Miss Pitts occupied with another student nurse until December 19, 1946. Shortly after ten o'clock on the morning of December 19, 1946, while a Christmas tree was being installed and decorated on the ground floor of the nurses' home, a fire occurred, which spread rapidly and caused a considerable amount of heat and smoke. Miss Pitts was trapped in her room on the floor above. She was unconscious when removed from her room to the hospital. She died within a few hours from pulmonary edema caused by the inhalation of smoke and hot air.

Much of the evidence presented on the trial of the case bore on the question of whether Miss Pitts' death was proximately caused by the negligence of the defendant, and there was some evidence introduced under the defense of contributory negligence. There is no reason to set out the evidence as it related to these questions, as no contention is made on this appeal that the evidence was not sufficient to go to the jury or that the verdict was not amply supported by the evidence as it bore on those questions.

It is strenuously insisted by appellant that it was entitled to the affirmative charge and that the trial court erred to a reversal by refusing to give it for the reason that the evidence shows without conflict that at the time of her injury, plaintiff's minor daughter was an employee of the hospital and that the accidental injury which she received and which resulted in her death arose out of and in the course of her employment.

It seems to be conceded that if Miss Pitts was an employee of the defendant hospital, she and the hospital were both subject to the provisions of the workmen's compensation law. Hospitals are not excluded from the operation of that law and the defendant had in its employ more than the requisite number of employees. There is nothing to indicate that any action was taken by either party to overcome the presumption that the contract of employment, if there was such a contract, was made subject to the workmen's compensation law. § 273, Title 26, Code 1940, as amended.

This court has declared that within its field of operation the workmen's com-

pensation law is the criterion of the rights and liabilities of all parties affected thereby and within the terms of that law. Such is its purpose and scope, embracing as it does the employer, employee, dependents, insurance carriers and third persons liable for injuries or deaths falling within and compensable thereunder. Harris v. Louisville & N. R. Co., 237 Ala. 366, 186 So. 771, and cases cited; Nall v. Alabama Utilities Co., 224 Ala. 33, 138 So. 411; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; Smith v. Southern Ry. Co., 237 Ala. 372, 187 So. 195; § 272, Title 26, Code 1940.

The trial court cannot be said to have committed reversible error in refusing the general affirmative charge requested by defendant on the theory that plaintiff is precluded from recovery by the provisions of the workmen's compensation law, unless it appears from the evidence without dispute that plaintiff's minor daughter was an employee of the defendant hospital at the time of the injury which resulted in her death and that the injury arose out of and in the course of her employment. In considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of the evidence and must allow such reasonable inferences as the jury was free to draw, not inferences which we may think the more proper.

By our statute, § 262, Title 26, Code 1940, as amended by an act approved July 10, 1940, General Acts 1939, p. 1047, employer and employee are defined as follows: "(d) The term 'employer' as used herein shall mean every person not excluded by section 263 of this title who employs another to perform a service for hire and to whom the 'employer' directly pays wages * * *. (g) The terms 'employee' and 'workman' are used interchangeably and have the same meaning throughout this chapter, and shall be construed to mean the same. (h) The terms 'wages,' and 'weekly wages,' and such expressions shall, in all cases, unless the context clearly indicates a different meaning, be construed to mean 'average weekly earnings.' Every person, not excluded by section 263 of this title in the service of another under any contract of hire, express or implied, oral or written, includes aliens, and also includes minors who are legally permitted to work under the laws of the state. Any reference herein to a workman or employee shall, where the employee is dead, include a reference to his dependents, as herein defined if the context so requires."

The evidence as it came from the witnesses who testified in open court at the trial below is without dispute in the following respects. When Miss Pitts entered the school of nursing, she, along with the other members of her class, was advised that she would have to live in the nurses' home and comply with rules and regulations applicable to all student nurses. At the time of her death, Miss Pitts was a preclinical student and had to attend classes each day for five hours and perform nursing duty at the hospital three hours daily. In so far as these duties were concerned, she was under the direction and supervision of the supervisor of nurses, who prescribed the hours when the duties were to be performed. The supervisor of nurses also had the authority, which she exercised from time to time when the necessity arose, to call student nurses to duty in the hospital at times other than the hours prescribed by the weekly schedules.

During the day when not in class or on nursing duty, student nurses were free to leave the nurses' home for trips to town, but at night they were required to study from eight to ten o'clock and could leave the hospital at night only on certain nights and the time of their return to the nurses' home was fixed by the governing rules and regulations.

Student nurses furnished their own uniforms and books. They paid no tuition. The hospital furnished room, board and laundry service free of charge to the student nurses. The student nurses also received the sum of $8.00 a month from the hospital.

Appellee, plaintiff below, introduced in evidence answers of the hospital to interrogatories propounded to it by plaintiff. It is here contended that certain of these answers made the question as to whether Miss Pitts was an employee of the hospital

a matter for the jury's determination. The pertinent questions and answers are as follows:

"Q. Was plaintiff's minor daughter being paid any wages as such employee. A. Plaintiff's daughter was given an allowance for expenses.

"Q. If you answer she was being paid wages, please state exactly what she was paid and all the facts and circumstances surrounding such payment. A. Miss Pitts was in training and was receiving her board, lodging, schooling and professional training together with a small allowance for expenses.

"Q. If plaintiff's minor daughter was being compensated in any way for her services as a student nurse while connected with the defendant hospital, please describe such relationship and such compensation in detail. A. Plaintiff's daughter was given $8.00 per month as an allowance for expenses, but nothing was paid for services rendered by her."

The answers to the interrogatories do no more than indicate that the hospital did not consider that the money which Miss Pitts received was paid to her as wages, but was given to her to help her defray her expenses.

But the fact remains that the evidence shows without dispute that Miss Pitts rendered services to the hospital and the hospital furnished her free of charge room, board, laundry service, and gave her $8.00 a month. And as before indicated, the hospital had the right to direct the manner in which her work was to be done, as well as the result to be accomplished.

■ After careful consideration of the record in this case, we are of the opinion that the evidence reflects no reasonable inference other than that at the time of the fire Miss Pitts was an employee of the defendant hospital.

In so far as our research discloses, this court has never been called upon to pass on the question of whether the relationship between a student nurse and a hospital is that of employee and employer within the meaning of the workmen's compensation law. In Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906, we held that Reed, a vocational student who served the ambulance company without pay from that company for the purpose of learning the business of embalming, was nevertheless an employee of the ambulance company and could not recover damages from the company for injuries received due to the negligence of a fellow employee. But in that case we were concerned only with the common-law relationship of employer and employee.

The courts of other states having workmen's compensation laws very similar to ours have held in cases where the facts have much similarity to the facts in the case at bar that the relationship between a student nurse and a hospital is that of employee and employer. We think the following cases from other jurisdictions fully support the conclusion which we have reached. Otten v. State, 229 Minn. 488, 40 N.W.2d 81; Anderson v. Northwestern Hospital, 229 Minn. 546, 40 N.W.2d 442; Judd v. Sanatorium Commission of Hennepin County et al., 227 Minn. 303, 35 N.W. 2d 430; Hege v. Christ Hospital, 58 A.2d 615, 26 N.J.Misc. 189; Deluhery v. Sisters of St. Mary, 244 Wis. 254, 12 N.W.2d 49; Employers Mut. Liability Ins. Co. v. Industrial Commission, 235 Wis. 270, 292 N.W. 878; Hewett v. Woman's Hospital Aid Association, 73 N.H. 556, 64 A. 190, 7 L.R.A.,N.S., 496. See Bernstein v. Beth Israel Hospital, 236 N.Y. 268, 140 N.E. 694, 30 A.L.R. 598.

■ In the cases cited above the questions were whether the nurses and interne were entitled to receive compensation under the workmen's compensation law. We are cognizant of the fact that practically all courts are agreed that there should be accorded to the workmen's compensation law a broad and liberal construction. But it is also agreed that this law does not mean one thing when it is to the advantage of an employee so to maintain, and something else when an employer invokes the protection of the law in his favor. Lamm v. Silver Falls Timber Co., 133 Or. 468, 277 P. 91, 286 P. 527, 291 P. 375.

As before indicated, the provisions of the workmen's compensation law could not

be a bar to plaintiff's recovery unless the injury which resulted in his daughter's death arose out of and in the course of her employment.

■■■■ The courts of this and other states have often found it necessary to construe the phrase, "arising out of and in the course of his employment," but it has been said no all-embracing definition has yet been found. Every case involving the phrase should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase "arise out of" employment refers to employment as the cause and source of the accident. Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666. The rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not by some other agency. Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 123 So. 225. We have said that the phrase "in the course of his employment" refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs, within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it. Mobile Liners, Inc., v. McConnell, 220 Ala. 562, 126 So. 626; Southern Cotton Oil Co. v. Bruce, supra.

While no Alabama case is cited in support of the text, it has been written "that an injury to an employee living, boarding or lodging on the employer's premises, or at the place where the work is being done, pursuant to an express or implied requirement of the contract of hiring, if reasonably attributable or incidental to the nature of the employment, or to the conditions under which he lives in the performance of his duties, is to be regarded as having arisen out of and in the course of such employment. On the other hand, the mere fact that an employee was living on the employer's premises at the time of injury does not ordinarily, of itself, render such injury compensable as arising out of or in the course of the employment where such residence on the employer's premises is merely permissive and not required, or where the injury results from a risk or danger which is not reasonably incidental to the employment." 58 Am.Jur., Workmen's Compensation, § 229, p. 736.

■■■■ It is asserted by counsel for appellant that although the evidence as it came from the witness stand is without conflict to the effect that Miss Pitts was required to live in the nurses' home, there was evidence from which the jury could have found that she was not required to do so but that her residence in the nurses' home was merely permissive on the part of the hospital. Again this asserted conflict in the evidence arises from answers of the defendant hospital to interrogatories propounded it by the plaintiff. While some of the answers are to the effect that Miss Pitts was furnished a room for her comfort and convenience in the nurses' home, where the student nurses were permitted to live during their training period, we do not think such answers can be said to really create a conflict with the other testimony in the case on that point. We hold, therefore, that the evidence in this case is not sufficient to support an inference that Miss Pitts was not required to occupy a room in the nurses' home.

As before indicated, plaintiff's minor daughter was not on duty at the time of the fire; that is, she was not working in the hospital nor was she attending class. She was in her room, where she had a right to be, dressed in street clothes, and was engaged in addressing Christmas cards. The evidence would support a finding that the fire occurred on her day off, but while in the nurses' home she was subject to call to duty in case of an emergency.

We think the case of Giliotti v. Hoffman Catering Co., 246 N.Y. 279, 158 N.E. 621, 56 A.L.R. 500, is much in point. Giliotti was employed as a chef by the Hoffman Catering Company at a weekly wage of $50, together with room and board. He slept in a special section of the hotel provided for the help, in a room that was solely his. In the early morning of Monday, August 26, 1925, a fire occurred in

the hotel from causes unknown. Giliotti had retired to his room at the end of the day's work, and while there was suffocated to death by the fire. Monday was his day off, and he was at liberty to leave when his work on Sunday night was finished, but he might and often did remain in his room for the night.

In upholding the right of Giliotti's widow to recover compensation under the workmen's compensation law for the death of her husband, Mr. Justice Pound, writing for the New York Court of Appeals, held that the accident which resulted in Giliotti's death arose out of and in the course of his employment, and was within the protection of the workmen's compensation law. See Finnegan v. Biehn, 276 N.Y. 50, 11 N.E.2d 348.

After a careful consideration of all the evidence in this case, we are constrained to the conclusion that it supports no reasonable inference other than that plaintiff's minor daughter was an employee of the defendant at the time of the fire and that her injury arose out of and in the course of her employment. It follows, therefore, that the trial court erred in refusing the general affirmative charge, with hypothesis, as requested by the defendant.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN, FOSTER, and STAKELY, JJ., concur.

LAWSON, SIMPSON, and GOODWYN, JJ., dissent.

LAWSON, Justice (dissenting).

Even if it be conceded that the majority opinion is correct in so far as it holds that the evidence supports no reasonable inference other than that Miss Pitts was an employee of the hospital at the time she was injured, I am of the opinion that a jury question was presented as to whether the injury arose out of and in the course of her employment.

Death or injuries resulting from fire have been held to arise out of and in the course of employment when the employee is injured while in the room which he is required to occupy as a term of his employment, even though the employee was asleep or not actively engaged in his work at the time of the fire. Finnegan v. Biehn, 276 N.Y. 50, 11 N.E.2d 348; Giliotti v. Hoffman Catering Co., 246 N.Y. 279, 158 N.E. 621, 56 A.L.R. 500. In the case last cited the employee received his injuries which later resulted in his death while in his room on his day off, when he was at liberty to leave his employer's premises.

On the other hand, it has been held that an injury to an employee received as a result of the burning of a barn in which the employer had gratuitously allowed the employee to sleep did not arise in the course of employment within the protection of the workmen's compensation law where the employee was not required to reside on the employer's premises, but might come and go at his pleasure. Guiliano v. Daniel O'Connell's Sons, 105 Conn. 695, 136 A. 677, 56 A.L.R. 504.

It appears, therefore, that where the ultimate question of compensability under the workmen's compensation law is presented, a supporting issue as to the requirement of the employee's residence is determinative.

The evidence as it came from the witnesses who testified in this case is without conflict that Miss Pitts was required to live in the nurses' home. However, the plaintiff introduced in evidence the answers of the defendant hospital to interrogatories propounded to it by the plaintiff. Some of the answers to the interrogatories are to the effect that Miss Pitts was furnished a room for her comfort and convenience in the nurses' home, where the student nurses were *permitted* to live during their training period.

In view of the position taken by the defendant in its answers to the interrogatories to the effect that Miss Pitts was not required to live in the nurses' home, but the room which she occupied was merely furnished her for her comfort and convenience, and that her occupancy was merely permissive, I am of the opinion that a jury question was presented as to whether

·or not the injury which resulted in her death arose out of and in the course of her employment.

SIMPSON and GOODWYN, JJ., concur in the foregoing views.