In the Matter of the Claim of MARGIT KOSMA, Respondent, v. REGINA BLAU et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of $2,500 for serious facial disfigurement. The sole contention of appellants is that the accident did not arise out of and in the course of employment. Claimant and her husband were jointly hired as janitors of a 12-family-tenement house. They received as compensation a rent free apartment in the building worth about $35 per month. The building had no central heating, each tenant having a separate heating appliance within the apartment and furnishing his own fuel. There was a coal stove furnished by the employer in the claimant's apartment, and the employer also furnished one ton of coal per year. After using this stove for several years claimant and her husband replaced it with one which they purchased. While cleaning this stove with a liquid polish the polish exploded and claimant sustained serious burns. Claimant was subject to call 24 hours a day and lived within the premises to enable her to take care of the needs of the employers' tenants. The accident happened in mid-Winter, and of course claimant

had to provide heat to enable her to live on the premises and perform her duties. Cleaning the stove was an act made necessary by living in the employers' premises to carry out her duties. The ownership of the stove should not be controlling. The accident involved a risk closely associated with and rendered necessary by the employment. The record supports the board's finding that the accident arose out of and in the course of employment. (*Matter of Finnegan* v. *Biehn*, 276 N. Y. 50.) Award unanimously affirmed, with costs to the Workmen's Compensation Board.