■ In the Matter of the Claim of JOHN C. HIMES, Respondent, v. TOBIN PACKING COMPANY, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed January 31, 1968, which awarded compensation to the claimant. The premises of the employer where the injury occurred are part of its slaughterhouse. The room in which he was working was cold and, therefore, claimant took a long-sleeved jacket from a hook in another room, intending to wear it. The jacket was very dirty and claimant proceeded to wash it in the "belly machine" and, while putting it through a wringer designed to squeeze foreign matter from pigs' intestines, he was injured. Two witnesses testified that "ham rags" had been put through this wringer by claimant and others in order to dry them, and one witness testified to use of the "belly machine" to clean his jacket. Testimony was in conflict as to whether claimant would have been able to obtain a jacket from the employer upon request. The claimant's decision to wear a jacket

for warmth and in particular to take one readily available instead of asking his employer for one does not remove him from the employment and the act does arise out of the employment. (See *Matter of Ziolkowski* v. *American Radiator Co.*, 247 N. Y. 513, 515.) The respondent board has found that as a matter of fact the washing and wringing of the jacket in the meat preparation machine was not a " deviation from the employment" and was a " normal and natural" activity related to warmth. The record contains substantial evidence that as a part of his duties the claimant had on prior occasions used the machine for washing certain cloths and wringing the water out of them. Accordingly, the use of the machine for squeezing the water out of the jacket could properly be found by the board to be an ordinary use of the machine. The remaining question is whether or not the desire for cleanliness was of such a personal nature as to preclude the injury from arising out of the employment. The record does not indicate that the nature of the claimant's work required the jacket to be clean or odor free. The claimant testified that prior to his injury he had never washed any clothing on the premises, although he had on previous occasions used jackets which were on the premises. A coemployee testified that it had been his practice to clean his jacket in the " belly washing" machine. There is nothing in the record which indicates that the claimant was supposed to be performing some particular duties other than cleaning the jacket when the accident occurred. Upon the present record, we cannot say as a matter of law that the activity of the claimant did not arise out of his employment. Decision affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.