RICHARD L. HOLMES, Retired Appellate Judge.
This is a workers’ compensation case.
In June 1995 Maria Crofford, the widow and personal representative of Dean Crof-ford, deceased, filed a complaint against J.B. Hunt Transport, Inc. (employer). Crofford alleged that at the time of her husband’s accident in November 1994, he worked for the employer as a driver-in-training and was engaged in business for the employer in the state of Texas. Crofford further alleged that her husband’s injuries and resulting death arose out of and during the course of his employment, as contemplated by the Workers’ Compensation Act. Crofford requested that the trial court award all benefits payable under the Workers’ Compensation Act.
The employer filed an answer, denying that the fatal injuries sustained by Dean Crofford (employee) were the result of an accident which arose out of and in the course of his employment with the employer.
The employer filed a summary judgment motion, along with supporting documentation. Crofford filed a response in opposition to the employer’s summary judgment motion, as well as a summary judgment motion and documentation to support her position.
The trial court issued an order, denying Crofford’s summary judgment motion and granting the employer’s summary judgment motion. The trial court’s order stated the following, in pertinent part:
“This court’s decision is based upon its determination that [the employee’s] death did not arise out of his employment. He voluntarily chose to leave a motel room, cross a freeway, and step onto a service road in search of a television on which he could watch a professional football game in which he had a personal interest. [The employee] had clearly departed on his own personal enterprise at the time of the injury which caused his death. Therefore, his death was not causally connected with his employment and no benefits are payable under the Workers’ Compensation Act. See Young v. Mutual Savings Life Ins. Co., 541 So.2d 24 (Ala.Civ.App.1989).”
Crofford appeals.
Crofford contends that under the facts of this case, there can be only one clear conclusion — that in November 1994, the employee sustained fatal injuries while “in the course of his employment” and that the fatal injury “arose out of his employment.” She contends that the employee was fatally injured while fulfilling the duties of his employment or acts incident thereto. Crofford further contends that the employee would not have been in Houston, Texas, on the date, time, and location of the accident except for the fact that he was engaged in training to become a long-distance truck driver.
The employer contends that the trial court properly entered a summary judgment in its favor because, it says, the employee’s death did not arise out of and occur in the course of *839 his employment because he had clearly departed on his own personal enterprise at the time of the accident.
Our review of the record reveals the following undisputed facts: On November 13, 1994, the employee worked for the employer as a driver-trainee, and John Buck was the employee’s assigned driver-trainer. At 8:00 a.m. on November 13, 1994, the employee and Buck were in Houston, Texas, to drop off a load. Their next scheduled pick-up was in Lone Star, Texas, at 6:00 a.m. the following morning.
Following the delivery, Buck obtained a motel pass from the employer. Shortly after noon, Buck and the employee checked into a motel. After eating lunch, they returned to their motel room to watch NFL football. The employee searched the channels for the Dallas Cowboys-San Francisco ’49ers football game, but the game was not available on the channels offered at the motel.
Thereafter, the employee left the motel in search of a television broadcast of the football game. The employee was struck by a car as he was attempting to cross a service road adjacent to the freeway. The employee died from the injuries received in the accident.
The dispositive issue is whether the employee’s fatal accident arose out of and occurred in the course of his employment with the employer.
We would note that an injury is not com-pensable under the workers’ compensation laws if that injury occurs while an employee has deliberately and substantially deviated from his employment, because such an injury would not have arisen out of and in the course of his employment. Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917 (Ala.Civ.App.1995). Consequently, we must determine whether the employee in the present case went beyond the course of his employment by leaving his business purpose to carry out a personal purpose or objective. Stated another way, did the employee substantially deviate from his employment to carry out a personal purpose or objective when he left the motel to seek out a television broadcast of the Dallas-San Francisco football game?
Our supreme court made the following pertinent statements in Carraway Methodist Hospital, Inc. v. Pitts, 256 Ala. 665, 671, 57 So.2d 96,100-01 (1952):
“The courts of this and other states have often found it necessary to construe the phrase, ‘arising out of and in the course of his employment,’ but it has been said no all-embracing definition has yet been found. Every case involving the phrase should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase ‘arise out of employment refers to employment as the cause and source of the accident. The rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment and not by some other agency. We have said that the phrase ‘in the course of his employment’ refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs, within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it.”
(Citations omitted) (emphasis added).
In the present case the employee voluntarily chose to leave his motel room, cross a freeway, and step onto a service road in search of a television broadcast of the Dallas-San Francisco football game. Although it is true that he was in Houston, Texas, on business for his employer, the employee did not have to be on that particular service road at that particular time to fulfill the duties of his employment or to engage in something incidental to his employment. Clearly, under the facts and circumstances of this case, the employee had departed on his own personal enterprise at the time of his injury. Consequently, this injury is not compensable under the workers’ compensation laws.
The trial court’s judgment is due to be affirmed.
*840 The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.